Reginald DOSS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A03–9308–CR–282.

Court of Appeals of Indiana,
Third District.

April 24, 1995.

Mark A. Bates, Crown Point, for appellant.

Pamela Carter, Atty. Gen. of Indiana and Joseph F. Pieters, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

HOFFMAN, Judge.

Appellant-defendant Reginald Doss appeals from his conviction for receiving stolen property, a Class D felony, and maintaining a common nuisance, a Class D felony. The facts relevant to this appeal are summarized below.

On September 16, 1992, Officer Ronald Kottka of the Griffith, Indiana Police Department received a tip from a confidential informant (CI) that Doss had in his possession at his home certain stolen items, weapons, and drugs. The CI told police that he had personally seen the items at Doss's home and he gave a description of them. Based upon his conversation with the CI, Officer Kottka drafted an affidavit to support a search warrant of Doss's home. The affidavit read, in pertinent part:

"Detective Ronald Kottka swears or affirms that he believes and has good cause to believe ...; after speaking to a confidential informant whom I believe to be truthful and credible, spoke the following facts of his own personal knowledge. That a subject named Roger Klemoff committed a burglary at Griffith Jewelers, 235 N. Broad St., Griffith. Removed in the burglary was numerous class rings. The C.I. stated the class rings were brought to a house located 50' south of 46th Ave. on the west side of Maryland, a grayish one story wood shingled house. The entrance to said house being on the south side. Located in the rear is a detached garage containing a motor vehicle with Illinois plate 'EX 3249'. The house is the second house on the west side, south of 46th Ave. on Maryland in Gary, Lake County, IN. He further stated a house was burglarized at 1548 S. Broad St., Griffith. Taken in the burglary was a RCA 27″ Color XL 100 TV, Serial # 009260971, and a Magnavox VHS VCR, Serial # 79127470. The C.I. stated the items are located in the same below described house. The C.I. further states he observed a fully automatic Tech 9 MM. gun, .357 magnum, 9 MM. baretta, .38 caliber handgun, sawed off shotgun and a .25 caliber automatic located in the house. The C.I. stated he observed approximately one (1) ounce of crack in the residence this date...."

Officer Kottka met with Judge Samuel Cappas on September 18, 1992, to obtain a search warrant. No other information beyond what was included in the above affidavit was given to Judge Cappas to assist him in making a determination of probable cause. Judge Cappas issued the warrant which was executed that same day. The subsequent police search of Doss's home uncovered the following items: a television, a video cassette recorder (VCR), several class rings and substances containing traces of cocaine, marijuana, and other controlled substances.

Based on this evidence, Doss was charged with receiving stolen property and maintaining a common nuisance. Doss requested suppression of the above evidence which the trial court denied. Thereafter, he received a jury trial and was convicted on these charges. The trial court sentenced Doss to 5 years' imprisonment. He appeals his conviction.

On appeal, Doss raises one issue which we restate as: whether the trial court erred in failing to grant his motion to suppress the items seized from his residence.

The trial court found the search warrant to be technically defective. Nonetheless, the trial court denied the motion to suppress finding that Officer Kottka conducted the search relying in good faith on the decision of Judge Cappas to grant the search warrant. Doss contends the trial court erred in doing so. Specifically, he argues the trial court improperly denied the motion because the affidavit was so lacking in indicia of probable cause as to make Officer Kottka's reliance upon it unreasonable. *See Leon v. United States* (1984), 468 U.S. 897, 923, 104 S.Ct. 3405, 3421, 82 L.Ed.2d 677, 699. By contrast, the State claims that because there is no evidence that Officer Kottka misled the judge or gave false information in the affidavit, the trial court acted properly in extending the good faith exception to Officer Kottka and consequently denying Doss's motion to suppress.

The Fourth Amendment to the United States Constitution, Article 1, § 11 of the Indiana Constitution, and Indiana statutory law, *see* IND.CODE § 35–33–5–1 (1988 Ed.), all provide that a warrant shall not issue unless there is probable cause supported by oath or affirmation. However, evidence seized pursuant to a search warrant later invalidated is admissible if the police officers executing the warrant acted in "good faith." IND.CODE § 35–37–4–5 (1988 Ed.).

"Good faith" is defined by IND. CODE § 35–37–4–5 as existing where a search warrant:

"(1) [*is* ] *properly issued upon a determination of probable cause* by a neutral and detached magistrate, that is free from obvious defects other than nondeliberate errors made in its preparation, *and* that was *reasonably believed by the law enforcement officer to be valid;*"

(Emphasis added.) The good faith exception to the exclusionary rule is inapplicable where: the warrant is based upon false information knowingly or recklessly supplied by an affiant, *see Bradley v. State* (1993) Ind.,

609 N.E.2d 420, 424 (officer could not have reasonable belief in validity of warrant based upon affidavit misrepresenting anonymous informant as reliable); the warrant is facially deficient; and the issuing magistrate or judge is not detached and neutral or has wholly abandoned his judicial role, *see Leon*, 468 U.S. at 923, 104 S.Ct. at 3421, 82 L.Ed.2d at 699. Additionally, "good faith" does not exist where the affidavit upon which probable cause rests is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.*

The affidavit was supported by information given to Officer Kottka by a confidential informant and was thus hearsay. IND. CODE § 35–33–5–2(a) (1992 Supp.) provides that an affidavit for probable cause may be based on hearsay if it:

"(1) contain(s) reliable information establishing the credibility of the source and of each of the declarants of the hearsay and establishing that there is a factual basis for the information furnished; or

(2) contain(s) information that establishes that the totality of the circumstances corroborates the hearsay.

*See Everroad v. State* (1992), Ind., 590 N.E.2d 567.

In *Everroad,* the police officer affiant stated in the probable cause affidavit that he had good cause to believe the defendant had in his possession a stolen television set. He also stated that such information was received from a credible source, specifically a subject both present during the theft of the television and also during its sale to the defendant. The affidavit indicated the date on which the information was given to the affiant. It also disclosed that information discovered the day before confirmed that the defendant still had the items in his possession. The trial court denied a motion to suppress the items recovered from defendant's premises. *Id.* at 569.

On appeal, our supreme court found there to be no probable cause and that the affidavit was, in fact, so lacking in indicia of probable cause as to render the police officer's reliance upon it unreasonable. *Id.* at 571. Thus, concluded the *Everroad* court, the good faith exception to the exclusionary rule was inap-

plicable and the trial court improperly denied defendant's motion to suppress. *Id.*

In arriving at its holding, the *Everroad* court relied in part upon its earlier holding in *Madden v. State* (1975), 263 Ind. 223, 328 N.E.2d 727. In *Madden*, the probable cause affidavit at issue also contained a statement that the affiant state police detective believed his sources to be credible and reliable. The affidavit disclosed the detective had information from city police that a local store had been burglarized. The affidavit also disclosed that the affiant had conducted an investigation which led him to defendant who allegedly had within his possession the items stolen. The face of the affidavit additionally revealed that the detective had personally recovered one of the stolen items from the defendant's mother who told him she was present when defendant gave one of the stolen items to her husband.

Despite this particularity, the Indiana supreme court found the affidavit to be so lacking in probable cause as to make reliance upon the resulting search warrant unreasonable. *Id.* at 730. Specifically, the *Madden* court found the affidavit lacked the necessary information regarding the credibility and reliability of the affiant's sources. *Id.* The court stated,

"the affidavit was ... deficient in that it disclosed no information from which its credibility could be assessed. Who reported [the burglary]? How did such informer know of it? Is there reason to accept the informer's statements as correct? Did the informer observe it, hear about it from another, imagine it or fabricate it? ..."

*Id.*

The *Madden* court did not question the police officer's good faith in believing that the information was correct. However, discussing the prior version of the warrant statute, *see* IND.CODE § 35-1-6-2, the court stated,

"Recognizing the dangers inherent in hearsay ... the Legislature incorporated specific requirements into the statute to assure that the hearsay constituting the probable cause was *credible* in the mind of the issuing authority and not merely in the mind of the affiant. These requirements are specific and simple and were designed to assure that the determination of credibility can and will be that of the issuing authority, made independently of the judgment of the affiant. The goal is that warrants be issued only upon probable cause, shown preferably by facts but in any event by information that is believed to be reliable. The determination of probable cause cannot be made without first determining the likelihood of correctness of such information, and this determination must also be made by the issuing authority rather than merely by the affiant."

*Id.* at 729.

■ As in both *Madden* and *Everroad*, on the face of the affidavit in the present case, affiant Officer Kottka stated his belief that the CI was credible and reliable. However, pursuant to the reasoning in *Madden* and the requirement of IND.CODE § 35-37-4-5 that an officer's reliance upon the validity of the warrant be reasonable, it becomes apparent that an officer's personal belief as to the credibility and reliability of the informant is irrelevant. Rather, suppression remains appropriate where an officer "could not have harbored an *objectively* reasonable belief in the existence of probable cause." *Leon*, 468 U.S. at 926, 104 S.Ct. at 3422, 82 L.Ed.2d at 701 (Emphasis added.). This occurs where upon facts known to the issuing magistrate or judge "a well trained officer would have known that the search was illegal despite the magistrate's authorization." *Leon*, 468 U.S. at 922, n. 23, 104 S.Ct. at 3421, n. 23, 82 L.Ed.2d at 698, n. 23.

Like defendant's mother in *Madden*, the CI here allegedly personally observed the listed items in Doss's home. However, similar to the affidavits in both *Madden* and *Everroad*, the affidavit is silent as to important details such as: when the information was given by the CI to Officer Kottka, when the CI saw these items in Doss's possession, and the potential likelihood that Doss still had them in his possession when the warrant was obtained. There is no information whatsoever either verifying that burglaries had, in fact, been committed as the CI suggested or the dates of their occurrence.

 

The affidavit is also silent as to how the CI knew the details offered therein concerning these alleged burglaries. For instance, it is possible that the CI assisted in the burglaries. It is also feasible the CI was only present during their occurrence. On the other hand, it is certainly conceivable that the CI merely heard through other unknown sources the details he offered in the affidavit about the burglaries. In short, there is absolutely no information within the affidavit to shed light on the credibility or reliability of the CI's allegations.

Finally, unlike *Everroad* and *Madden,* on the face of the affidavit, there is nothing indicating any effort on the part of Officer Kottka to corroborate the CI's statements. *See* IND.CODE § 35–33–5–2(a)(2). Moreover, as Officer Kottka stated at the suppression hearing, although he potentially had relevant information beyond what was included therein which could have assisted Judge Cappas in making a determination of probable cause, he failed to relay this additional information to the judge when it was important to do so, that is, when the probable cause determination was made.

Certainly, the exclusionary rule does not require absolute verification of all sources supporting an affidavit of probable cause. Nor does it require the same standard of proof needed to obtain a conviction. However, the affidavit here was so bare bones and so lacking in indicia of probable cause as to make a reliance upon the resulting warrant objectively unreasonable.

Consequently, under the particular facts of this case, the trial court erred in applying the good faith exception to the exclusionary rule. There being error in the trial court's denial of Doss's motion to suppress, the decision of the trial court is reversed.

Reversed.

GARRARD and DARDEN, JJ., concur.