**STATE of Indiana, Appellant–Plaintiff,**

v.

**Glen JOHNSON, Appellee–Defendant.**

No. 53A04–9602–CR–57.

Court of Appeals of Indiana.

July 11, 1996.

Transfer Denied Sept. 18, 1996.

Pamela Carter, Attorney General, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for Appellant.

**OPINION**

CHEZEM, Judge.

*Case Summary*

The State appeals an order granting Glen Johnson's ("Johnson") pre-trial motion to suppress evidence. We reverse and remand for trial.

*Issue*

Although the State presents two issues for our review, we examine only one because it is

dispositive: whether the good faith exception to the exclusionary rule applies.

### Facts and Procedural History

Bloomington police officer Todd Schmitt ("Schmitt") telephoned Judge Kenneth Todd and requested a warrant to search two particular rooms at the local Comfort Inn. Based upon the information which Schmitt averred, Judge Todd issued the warrant. Following a search, Johnson was charged with Possession of Cocaine, a class D felony, and Obstruction of Justice, also a class D felony. Johnson filed a motion to suppress the evidence obtained pursuant to the warrant. Following a hearing on the matter, Judge E. Michael Hoff granted Johnson's motion. Thereafter, the State filed a motion to dismiss because the trial court's order granting the motion to suppress precluded further prosecution. The motion was granted and this appeal ensued.

### Discussion and Decision

The State contends that it produced sufficient probable cause to support the issuance of the warrant. In the alternative, the State claims that even if it did not present sufficient probable cause to support the warrant, the good faith exception to the exclusionary rule requires the admission of the evidence seized pursuant to the warrant. We agree with the latter argument.

We initially observe that Johnson has waived his right to file an appellate brief in this matter. A less stringent standard of review applies and an appellant need only establish prima facie error to win a reversal when the appellee fails to file a brief. *Ferrell v. State*, 656 N.E.2d 839, 840 (Ind.Ct. App.1995) (*citing State v. Costas*, 552 N.E.2d 459 (Ind.1990)). Prima facie error is error which appears at first sight, on first appearance, or on the face of the argument. *Dusenberry v. Dusenberry*, 625 N.E.2d 458, 460 (Ind.Ct.App.1993).

The Fourth Amendment exclusionary rule was modified in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), *reh. denied*, to permit the use, in the prosecutor's case-in-chief, of evidence seized in good faith reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause. *Stabenow v. State*, 495 N.E.2d 197, 201 (Ind.Ct.App.1986). Today, the good faith exception is outlined in Indiana Code Section 35–37–4–5:

> (a) In a prosecution for a crime ..., the court may not grant a motion to exclude evidence on the grounds that the search or seizure by which the evidence was obtained was unlawful if the evidence was obtained by a law enforcement officer in good faith.

> (b) ... evidence is obtained by a law enforcement officer in good faith if:

> > (1) it is obtained pursuant to:

> > > (A) a search warrant that was properly issued upon a determination of probable cause by a neutral and detached magistrate, that is free from obvious defects ..., and that was reasonably believed by the law enforcement officer to be valid; or

> > > (B) ...; and

> > (2) the law enforcement officer, at the time he obtains the evidence, has satisfied applicable minimum basic training requirements....

The good faith exception does not apply if the warrant was based upon false information knowingly or recklessly supplied by an affiant, or if the affidavit upon which the warrant was based is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. *Cutter v. State*, 646 N.E.2d 704, 714–15 (Ind.Ct.App. 1995), *trans. denied*.

There is no indication in the record that Judge Todd was not neutral and detached, that the warrant contained obvious defects, or that Schmitt did not satisfy basic training requirements. Thus, we examine the remaining potential impediments to the application of the good faith exception: (a) whether the warrant was based upon false information knowingly or recklessly supplied by an affiant, and (b) whether the affidavit upon which the warrant was based was so lacking in indicia of probable cause as to

render official belief in its existence entirely unreasonable.

Notwithstanding Johnson's counsel's assertions to the contrary, no evidence presented shows that Schmitt knowingly or recklessly supplied false information to support his application for a warrant. At the suppression hearing, Johnson's counsel insinuated that since there was no reference to Anderson suppliers in the written reports of the previous investigations of Johnson, then Schmitt must have been lying when he averred to Judge Todd that prior investigations had uncovered an Anderson connection.[1] Yet, when finally allowed to respond to Johnson's counsel's question as to how he learned of the Anderson connection, Schmitt replied, "From previous cases we have intelligence that he had suppliers living in Anderson...." He further stated, "I have intelligence on a lot of people. If someone tells me something I remember it, talk to the officers. Intelligence is not always written down. It does not always go in the case." When asked the same question on cross-examination, Schmitt elaborated that he knew that Johnson had been getting his cocaine from Anderson "[f]rom talking to previous investigators who were investigating Mister Johnson. Detective Hill, Officer Hill and Officer Deckard." Thus, while this "intelligence" was hearsay, there was no showing that it was false information knowingly or recklessly supplied by Schmitt.

We next examine the indicia of probable cause question. The telephonic affidavit was primarily supported by information provided to Schmitt by an informant. That is, the information was hearsay. Indiana Code Section 35–33–5–2(b) provides that an affidavit for probable cause may be based on hearsay if it: "(1) contain[s] reliable information establishing the credibility of the source and of each of the declarants of the hearsay and establishing that there is a factual basis for the information furnished; or (2) contain[s] information that establishes that the totality of the circumstances corroborates the hearsay." *Doss v. State*, 649 N.E.2d 1045, 1047 (Ind.Ct.App.1995) (emphasis added).

The informant had provided reliable information to Schmitt on four or five occasions in the past, thus Schmitt found him credible. On the day Schmitt requested the search warrant of Johnson's rooms, the informant stated, "Johnson is currently still active in selling cocaine" and a couple days prior, he had "returned back from Anderson" where he gets his cocaine. The informant also stated that although Johnson and a woman had been living together in an apartment in Bloomington, they recently had moved into the Bloomington Comfort Inn to sell cocaine because they were advised that the "heat [was] on," that is, they were under investigation. The informant also gave Schmitt information regarding numerous phone calls to Johnson's rooms at the inn.

Upon further investigation, Schmitt spoke with the manager of the particular inn. No circumstances were known which would call the inn manager's motives into question.[2] The manager informed Schmitt that Johnson and a woman had indeed checked into the rooms, that they stayed in their rooms quite often, and that they always paid in cash. Additionally, the inn's phone records indicated that they had received over forty phone calls to their rooms within the forty-eight hours prior to the telephonic affidavit for the warrant. Moreover, Schmitt knew of Johnson's previous links with Anderson, and past police experience had taught him that the situation described by the informant and the inn manager was indicative of how drug dealers "set up shop." Thus, the totality of the

---

1. An informant had stated that Johnson had recently returned from Anderson where his suppliers resided. Thus, prior investigations which revealed Johnson had such Anderson connections corroborated the informant's information.

2. "Our supreme court has determined that information which is gleaned from cooperative citizens who are either eyewitnesses or victims of a crime may be relied upon in determining wheth-er probable cause exists for a search where there are no circumstances which call the informant's motives into question." *Bryant v. State*, 655 N.E.2d 103, 108 (Ind.Ct.App.1995) (citing *Pawloski v. State*, 269 Ind. 350, 380 N.E.2d 1230, 1232 (1978)). When the informant is neither a victim nor an eyewitness, but falls into some "grey area" between the two, we look for corroboration.

circumstances corroborated the informant's information.

While we do not pass upon the question of whether sufficient probable cause to support a warrant was presented, we have no difficulty determining that in light of the aforementioned information, Schmitt's belief in the validity of the warrant was reasonable. Sufficient indicia of probable cause was evident. Therefore, using the less stringent standard of review appropriate in this case, we hold that the good faith exception to the warrant requirement applies. As such, Johnson's motion to suppress should have been denied.

Reversed and remanded for trial.

KIRSCH, J., concurs.

DARDEN, J., dissents with separate opinion.

DARDEN, Judge, dissenting.

After reviewing the record, I must agree with Judge Hoff's conclusions that "[t]he record of the probable cause hearing does not demonstrate that there was probable cause to support the issuance of a warrant for the hotel room," and that "[t]he State has failed to demonstrate that the 'good faith' exception ... is applicable in this case." (R. 8). Specifically, I cannot agree with the majority's conclusion that "sufficient indicia of probable cause was evident" thereby rendering the good faith exception to the search warrant requirement applicable.

As noted by the majority, I.C. 35–33–5–2(b) provides that an affidavit for probable cause may be based on hearsay if it: (1) contain[s] reliable information concerning the credibility of the source and of each of the declarant of the hearsay and establishing that there is a factual basis for the information furnished; or (2) contain[s] information that establishes that the totality of the circumstances corroborates the hearsay.

The majority claims the telephonic application for a search warrant reveals that the informant here was credible because "[t]he informant had provided reliable information to Schmitt on four or five occasions in the past ..." However, the record indicates that on those four or five occasions, the informant had only given Schmitt information about Johnson concerning the present incident. The tenuous nature of the relationship between Schmitt and the informant is exemplified in Schmitt's testimony to the judge who issued the search warrant:

SCHMITT: My informant has given me information in the past that I have been able to check on and have been able to verify, and believe that, due to this, they are credible and reliable.

\* \* \* \* \* \*

I've talked to this informant probably four to five times and the informant has given me information reference Glen Johnson and I've been able to confirm types of cars he is driving, where he has been staying and phone calls he has been making to, getting phone records.

THE COURT: Is all of the information that this informant has provided you is about Glen Johnson?

SCHMITT: And Kathy Case, yes. And it, all of it I have confirmed to be true.

(R. 27–28). There is absolutely no evidence Schmitt had worked with this particular informant on any other cases or that the informant had provided him with reliable information in the past. Thus, I do not believe the facts demonstrate a relationship between the informant and Schmitt substantial enough to establish the informant's credibility.

Furthermore, I do not believe the information Schmitt presented in the telephonic application establishes a factual basis for probable cause. Rather, the information consists of unsubstantiated hearsay and unfounded conclusions. For example, there is no evidence indicating the informant declared that he or she had traveled to or from Anderson with Johnson, had witnesses or participated in the crime with Johnson, or had a conversation with Johnson wherein Johnson disclosed details concerning the crime. The record is totally devoid of any evidence that the informant personally observed the fruits of the crime in Johnson's possession or in the hotel room Johnson occupied. In other words, there is no indication the informant gave Schmitt any first-hand information or, in the alternative, an explanation of how, when and

where the informant obtained his knowledge or information. *See Bradley v. State,* 609 N.E.2d 420 (Ind.1993); *Doss v. State,* 649 N.E.2d 1045 (Ind.Ct.App.1995).

Moreover, the police failed to conduct any surveillance of Johnson's room in an attempt to corroborate the informant's information. As a result, conspicuously missing from Schmitt's report is any evidence of people coming and going from Johnson's room or any evidence of drugs actually being exchanged for money. Thus, I cannot agree that the totality of the circumstances corroborated any important aspect of the informant's information. Those circumstances cited by the majority do not corroborate Schmitt's representation to the judge who issued the search warrant that the informant supplied information indicating Johnson "is currently active in selling cocaine." (R. 25). Rather, the only circumstance actually corroborated is the fact Johnson was staying at "a hotel" with a woman.

The good faith exception to the exclusionary rule is just that, an exception, which should not be routinely used to subvert the requirements for obtaining a proper search warrant based upon reasonable probable cause. Where the probable cause affidavit for the issuance of a search warrant is so lacking in indicia of reliability and probable cause, as in this case, it calls into question whether the police officer's reliance upon it was unreasonable as well as whether the issuing magistrate or judge was neutral and detached or had wholly abandoned their judicial role. See *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

Further, I am less inclined to find that the good faith exception should be applied in this case where an experienced officer such as Officer Schmitt knew or should have known that because the informant lacked credibility and reliability, the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. See *Bradley, supra* at 424. I am well aware that ultimately the determination of probable cause must be made by the issuing authority rather than merely by the affiant. *Madden v. State,* 263 Ind. 223, 328 N.E.2d 727 (1975).

However, where the evidence establishes that the officer "could not have harbored an objectively reasonable belief in the existence of probable cause," *Leon,* 468 U.S. at 926, 104 S.Ct. at 3422, 82 L.Ed.2d at 701; *Doss, supra,* at 1048, then suppression remains an appropriate remedy.

I hereby respectfully dissent and would vote to affirm the trial court's suppression of the evidence.