Travis D. **FENTRESS**, Appellant–
Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 84A01–0608–CR–330.

Court of Appeals of Indiana.

March 30, 2007.

John A. Kesler, II, Terre Haute, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Appellant–Defendant, Travis D. Fentress (Fentress), appeals his conviction for possession of cocaine, a Class C felony, Ind.Code § 35–48–4–6.

We affirm.

*ISSUE*

Fentress raises one issue on appeal, which restate as follows: Whether the trial court abused its discretion by admitting the cocaine into evidence.

*FACTS AND PROCEDURAL HISTORY*

On the evening of January 31, 2006, at around 9:00 p.m., Terre Haute Police Officers Brent Long (Officer Long) and Ken Murphy (Officer Murphy) (collectively, the Officers) noticed a Toyota Celica driving erratically and nearly hitting two parked cars. Then, after the car crossed the center line, Officer Long activated his emergency lights to initiate a traffic stop. The Toyota Celica accelerated, turned onto another street and did not come to a stop until Officer Long used his air horn twice.

When the Toyota Celica came to a stop, the Officers noticed the driver and the two passengers "moving around quite a bit." (Transcript p. 40, 80) Then Officer Long approached the driver's side and noticed the driver trying to hide a black object that first appeared to be a knife handle but that turned out to be a coin case containing methamphetamine. The driver identified himself as Brett Hoover but it was later determined he was actually David Hoover (Hoover). When Officer Long attempted to arrest Hoover, Hoover fled the scene. The Officers both began pursuit, but Officer Murphy noticed the two passengers attempting to flee the scene as well and returned to detain them. Officer Murphy called for backup and several minutes later Officer Steve Lockhard (Officer Lockhard) and Officer Chad Bowman (Officer Bowman) arrived at the scene.

Officer Lockhard directed Officer Bowman to detain one of the passengers, later

identified as Travis Fentress (Fentress), until they had determined why the driver had fled the scene. Officer Bowman took Fentress out of the vehicle, placed him in handcuffs and conducted a brief pat down of his outer clothing where he felt a hard object that later turned out to be a foil ball in his jacket pocket. Officer Bowman removed the foil ball and placed it on the back of the Toyota Celica. After finishing the pat down, Officer Bowman removed the foil ball from the Toyota Celica and placed it on the back of his squad car and Fentress in the back seat. As Fentress was sitting down, he bumped his head on the top of the door frame and his ball cap fell off dislodging a small glass vial and a cigarette pack sealed shut with duct tape that had been hidden under there.

Meanwhile, Officers Murphy and Lockhard conducted a search of the vehicle which revealed the Hoover's driver's license, a small glass pipe, a large quantity of matchbooks, a jug of iodine, a jug of muriatic acid, and numerous empty boxes of over-the-counter cold medicine containing pseudophed. Officer Bowman walked up to Officers Lockhard and Murphy while they were conducting the vehicle inventory to inform them of the items he had found on Fentress. Officers Bowman, Lockhard, and Murphy then went to the back of Officers Bowman and Lockhard's squad car to investigate these items. After examining the glass vial, they could see it contained a black substance that they first believed to be black tar heroin. However, after Officer Lockhard opened this vial, they discovered that it actually contained lithium strips, soaked in iodine, which the Officers knew was used in the manufacture of methamphetamine. At this point, the Officers determined that the foil ball likely contained methamphetamine and Officer Murphy opened the ball. The cigarette pack was also opened and determined to contain red phosphorus. Testing at the

scene by Drug Task Force officer Detective Greg Ferency indicated that the substance in the foil ball contained cocaine and subsequent testing at the Indiana State Police Laboratory indicated the presence of pseudoephedrine as well. The weight of the substance was determined to be 7.55 grams.

On February 6, 2006, the State filed an Information charging Fentress with dealing in cocaine, a Class A felony. On June 9, 2006, on Fentress' Motion, a suppression hearing was held and the trial court took the matter under advisement. On June 14 through 16, 2006, a jury trial was conducted at which time the trial court admitted the cocaine as evidence over Fentress' objection. At the close of the evidence, the jury found Fentress guilty of the lesser included, possession of cocaine, a Class C felony. On July 14, 2006, the trial court sentenced Fentress to eight years imprisonment.

Fentress now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Fentress' sole contention is that the trial court erred when it denied his Motion to Suppress. Specifically, Fentress asserts that the trial court abused its discretion by admitting the cocaine contained in the foil ball found on his person during a pat down search.

Fentress is challenging the admission of the evidence procured during Officer Bowman's search following his conviction rather than in an interlocutory appeal. Thus, the issue is more appropriately whether the trial court abused its discretion by admitting the evidence at trial. *Bentley v. State*, 846 N.E.2d 300, 304 (Ind.Ct.App. 2006), *trans. denied* (citing *Washington v. State*, 784 N.E.2d 584, 587 (Ind.Ct.App. 2003)). A trial court has broad discretion

in ruling on the admissibility of evidence. *Bentley*, 846 N.E.2d at 304. Accordingly, we will reverse a trial court's ruling on the admissibility of evidence only when the trial court abuses its discretion. *Id.* An abuse of discretion involves a decision that is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

Fentress is not contending the validity of the *Terry* search in which the foil ball was discovered, rather Fentress is claiming that the opening of the foil ball was a violation of his Fourth Amendment right against search and seizure and that its admission at trial was an abuse of discretion. While the holding in *Terry v. Ohio*, 392 U.S. 1, 31, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), allowed Officer Bowman to remove the foil ball from Fentress' pocket, it stopped short of giving him the authority to open that ball. *See Drake v. State*, 655 N.E.2d 574, 577 (1995) (holding that an officer removing sold, firm object from defendant's pants pocket was a valid *Terry* search since officer thought item could have been knife or mace bottle). Even though "reasonable suspicion" gives the officer the authority to perform a *Terry* search, it *"does not, without more, authorize the examination of the contents of items carried by the suspicious person."* *Granados v. State*, 749 N.E.2d 1210, 1214 (Ind.Ct.App.2001) (emphasis in original).

However, a search incident to lawful arrest is an exception to the warrant requirement under the Fourth Amendment. *Wilson v. State*, 754 N.E.2d 950, 956 (Ind.Ct.App.2001). A suspect is considered under arrest when a police officer "interrupts the freedom of the accused an[d] restricts his liberty of movement." *Id.* (citing *Sears v. State*, 668 N.E.2d 662, 667 (Ind.1996)). The fact that a police officer does not inform a defendant he is under arrest prior to a search does not invalidate the search incident to arrest exception as long as there is probable cause to make an arrest. *Id.*

Thus, "[a]n arrest is lawful if it is supported by probable cause." *Johnson v. State*, 831 N.E.2d 163, 167 (Ind.Ct.App. 2005) (citing *VanPelt v. State*, 760 N.E.2d 218, 222 (Ind.Ct.App.2001)). Probable cause for an arrest exists if at the time of the arrest the officer has knowledge of facts and circumstances which would warrant a man of reasonable caution to believe that the suspect has committed the criminal act in question. *Id.* A police officer's subjective belief concerning whether he had probable cause to arrest a defendant has no legal effect. *Sebastian v. State*, 726 N.E.2d 827, 830 (Ind.Ct.App.2000), *trans. denied* (quoting *Santana v. State*, 679 N.E.2d 1355, 1360 (Ind.Ct.App.1997)).

Here, while Officer Bowman was putting Fentress in the back seat of the squad car, Fentress' ball cap hit the door frame and a glass vial and a cigarette pack sealed shut with duct tape fell out from under his hat. Officer Bowman informed Officer Lockhard and Officer Murphy of what he had found. Officers Lockhard and Murphy were in the middle of a vehicle search that revealed the Hoover's driver's license, a small glass pipe, a large quantity of matchbooks, a jug of iodine, a jug of muriatic acid, and numerous empty boxes of over-the-counter cold medicine containing pseudophed. Based on finding numerous items that could be used to manufacture methamphetamine during the vehicle search together with the contents of the glass vial hidden under Fentress' cap, the officers had probable cause to arrest Fentress.

A search incident to lawful arrest allows the arresting officer to "conduct a warrantless search of the arrestee's person and the area within his or her

immediate control." *Wilson,* 754 N.E.2d at 956. A we stated before, the foil ball was found on Fentress' person. At the time the foil ball was opened, the Officers had established probable cause to arrest Fentress due to the discovery of numerous items used to manufacture methamphetamine found in the vehicle in which he was a passenger and the iodine soaked lithium strips in the glass vial that was found on his person. Because at the time the foil ball was opened there was probable cause to arrest Fentress, this was a valid search incident to arrest.

Because the foil ball was properly discovered during a *Terry* search and was properly opened and examined pursuant to a search incident to arrest based on probable cause, we conclude that the cocaine was properly admitted into evidence. Therefore, the trial court did not abuse its discretion by allowing the cocaine to be admitted into evidence.[1]

### CONCLUSION

Based on the foregoing, we find that the trial court did not abuse its discretion by admitting the cocaine into evidence.

Affirmed.

KIRSCH, J., and FRIEDLANDER, J., concur.

---

1. Fentress' claim that his detention was illegal is waived since no objection was made on these grounds at trial. *Baird v. State,* 688 N.E.2d 911, 914 (Ind.1997).