**George JACKSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–0711–CR–988.

Court of Appeals of Indiana.

July 8, 2008.

Transfer Granted Sept. 23, 2008.

Anthony C. Lawrence, Anderson, IN, Attorney for Appellant.

Steve Carter Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, George Jackson (Jackson), appeals his conviction for unlawful possession of a firearm by a serious violent felon, a Class B felony, Ind.Code § 35–47–4–5.

We reverse.

### ISSUES

Jackson presents two interrelated issues for our review, which we restate as: Whether the search warrant for Jackson's home was invalid under Indiana Code § 35–33–5–2, and, if so, whether the evidence seized during the search was nonetheless admissible pursuant to the good faith exception to the warrant requirement.

### FACTS AND PROCEDURAL HISTORY

On August 12, 2006, Madison County Sheriff's Detective Stephen Blackwell (Detective Blackwell) appeared in court to make an oral application for a search warrant for Jackson's home, located at 2307 Franklin Street in Anderson, Indiana. The following exchange took place between Detective Blackwell and the prosecuting attorney:

Prosecutor: Go ahead if you would and kind of walk through the course of the investigation.

Blackwell: Over the last couple of months, the Drug Task Force office has received several complaints from the public about heavy traffic to and from the residence. A confidential informant had advised myself and Drug Task Force that [Jackson] was selling cocaine, marijuana, and crack cocaine from this residence. The confidential informant that gave us this information has made several buys for the Drug Task Force that haven't went to trial yet. As of last night, 8/11/06 around 10 p.m., the confidential informant saw a large amount of marijuana at that residence and I believe [Jackson] is currently out of prison on federal parole.

Prosecutor: Okay. You say the informant's made several buys?

Blackwell: Right.

Prosecutor: In the past, is that correct?

Blackwell: That's correct.

Prosecutor: You said those cases hasn't [sic] gone to trial yet. Have they resulted in arrests? Charges?

Blackwell: No, we actually haven't filed the charges yet.

Prosecutor: Okay. Was the informant able to give details about the marijuana, where it was located, things like that, that he or she saw the night before?

Blackwell: He said he believed it was a little over two ([2]) pounds. That he thinks there's more in the residence.

(Defendant's Suppression Ex. A, pp. 4–5). On this basis, the trial court issued a search warrant. The same afternoon, officers executed the search warrant. Among other things, they found a digital scale, marijuana residue, a handgun, and two bottles of pills.

On August 14, 2006, the State filed an Information charging Jackson with: Counts I–III, unlawful possession or use of a legend drug, as a Class D felony, I.C. § § 16–42–19–13 and 16–42–19–27; Count IV, unlawful possession of a firearm by a serious violent felon, a Class B felony, I.C.

§ 35–47–4–5; and Count V, possession of marijuana, as a Class A misdemeanor, I.C. § 35–48–4–11. On January 19, 2007, Jackson filed a Motion to Suppress Evidence Seized, arguing, in part, that there was a lack of probable cause for the search warrant. On March 23, 2007, the trial court denied Jackson's motion. On July 24, 2007, a jury trial commenced. Just before the trial court gave its preliminary instructions, the State dropped all of the charges except Count IV, unlawful possession of a firearm by a serious violent felon. During the trial, Jackson objected to the evidence seized during the search. The trial court overruled the objection, and the jury found Jackson guilty. On August 27, 2007, the trial court sentenced Jackson to thirteen years.

Jackson now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

On appeal, Jackson contends that the trial court erred in denying his pre-trial motion to suppress. However, because Jackson is appealing following a conviction, the issue is more appropriately framed as whether the trial court properly admitted the evidence at trial. A trial court has broad discretion in ruling on the admissibility of evidence. *Fentress v. State,* 863 N.E.2d 420, 422–23 (Ind.Ct.App.2007). Accordingly, we will reverse an evidentiary ruling only when the trial court abuses that discretion. *Id.* An abuse of discretion involves a decision that is clearly against the logic and effect of the facts and circumstances before the court. *Id.* Jackson argues that the search warrant was invalid because it was not supported by probable cause and that the admission of the evidence was not otherwise justified by the good faith exception to the warrant requirement. We turn first to the validity of the search warrant.

### I. *Validity of the Search Warrant*

■ Jackson contends that the search warrant issued in this case was invalid under the Fourth Amendment to the United States Constitution, Article I, § 11 of the Indiana Constitution, and Indiana Code § 35–33–5–2. It is well-established that Indiana's appellate courts will not decide constitutional questions when the case under consideration can be concluded upon other grounds. *State v. Brown,* 840 N.E.2d 411, 414 (Ind.Ct.App.2006). As such, we will first address Jackson's argument under Indiana Code § 35–33–5–2.

A court may issue warrants only upon probable cause. I.C. § 35–33–5–1. We have stated:

In deciding whether to issue a search warrant, the task of the issuing magistrate is to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place. The reviewing court is required to determine whether the magistrate had a substantial basis for concluding that probable cause existed. A substantial basis requires the reviewing court, with significant deference to the magistrate's determination, to focus on whether reasonable inferences drawn from the totality of the evidence support the determination of probable cause. A reviewing court for these purposes includes both the trial court ruling on a motion to suppress and an appellate court reviewing that decision. In our review, we consider only the evidence presented to the issuing magistrate and may not consider post hoc justifications for the search.

*Hensley v. State,* 778 N.E.2d 484, 487 (Ind. Ct.App.2002) (citations and quotations omitted). In this vein, Indiana's warrant statute, Indiana Code § 35–33–5–2, pro-

vides, in pertinent part, that a judge generally may not issue a search warrant without an affidavit that: (1) particularly describes the house or place to be searched and the things to be searched for; (2) alleges substantially the offense in relation thereto and that the affiant believes and has good cause to believe that the things as are to be searched for are there concealed; and (3) sets forth the facts then in knowledge of the affiant or information based on hearsay, constituting probable cause. However, a judge may issue a search warrant without such an affidavit if, as here, the judge receives sworn testimony of the facts required for the affidavit. I.C. § 35–33–5–8.

The parties agree that Detective Blackwell's sworn testimony was based on hearsay, specifically, statements from the anonymous public and a confidential informant. When based on hearsay, the affidavit or sworn testimony supporting the issuance of a search warrant must either: (1) contain reliable information establishing the credibility of the source and of each of the declarants of the hearsay and establishing that there is a factual basis for the information furnished; or (2) contain information that establishes that the totality of the circumstances corroborates the hearsay. I.C. § 35–33–5–2(b). Jackson argues that Detective Blackwell's testimony did not contain any such information, thereby rendering the search warrant invalid. We agree.

Regarding subsection (b)(1), Detective Blackwell offered no testimony establishing the credibility of the confidential informant. The State and the dissent correctly note that one way in which the trustworthiness of hearsay can be established is by showing that the informant has given correct information in the past. *See Jaggers v. State*, 687 N.E.2d 180, 182 (Ind.1997). The State concedes that participating in drug buys is not the same as giving correct information. (Appellee's Br. p. 6). The fact that the informant made several buys in the past does not establish his credibility. Such conduct merely shows that he can follow instructions and do what he is told. Detective Blackwell gave no indication whatsoever that the informant provided information leading to the previous buys or that he had provided any other correct information in the past. In addition, Detective Blackwell admitted that, at the time of the warrant hearing, none of the buys in which the informant had participated had led to criminal charges.

The State also argues that the informant was reliable because "he had been at [Jackson's] house the prior night and had observed approximately two pounds of marijuana." (Appellee's Br. p. 7). That State claims that "[t]his shows that the informant had a basis for his knowledge." (Appellee's Br. p. 7). But our supreme court rejected the same argument in *Jaggers*, 687 N.E.2d 180. In *Jaggers*, an anonymous caller claimed that the defendant was cultivating and trafficking marijuana in his house. *Id.* at 181. In support of his claim, he alleged, in part, that he had observed marijuana in the defendant's house. *Id.* On appeal, our supreme court noted that while a claim of firsthand observation would ordinarily boost an informant's credibility, the anonymous caller's claim was uncorroborated. *Id.* at 184. As the court recognized, "[t]he statement of firsthand knowledge could just as easily have been fabricated to make the underlying allegation appear more credible." *Id.* This case is no different. The confidential informant's claim of firsthand observation was uncorroborated, and it could have been fabricated to make his underlying claim—that Jackson was dealing drugs out of his home—appear more credible.

As for subsection (b)(2), the State contends that the confidential informant's claims were corroborated by the totality of the circumstances, specifically, the complaints from the public about heavy traffic to and from Jackson's house. The State acknowledges that we rejected the same argument in *Methene v. State,* 720 N.E.2d 384, 389 (Ind.Ct.App.1999), because such complaints also consist of hearsay from sources whose credibility has not been established. However, the State argues that we should reconsider our holding in *Methene* "because such citizen complaints do suggest that illegal activity may have been occurring." (Appellee's Br. p. 7). But, as we said in *Methene:*

> [L]ike an anonymous informant who has no incentive to be truthful because there is no possibility of criminal liability for filing a false police report, here the anonymity of the alleged concerned citizens shields from scrutiny any possible ulterior motives. Such a situation is rife with the potential for pranks and mischief.

720 N.E.2d at 389. The State has failed to persuade us that *Methene* was wrongly decided, and we adhere to its reasoning today. Furthermore, Detective Blackwell gave absolutely no indication in his testimony that the police had done any independent investigation to corroborate the claims of either the confidential informant or the concerned citizens.

Because Detective Blackwell offered no testimony to establish the confidential informant's credibility or to establish that the totality of the circumstances corroborated the hearsay, we conclude that the warrant was invalid pursuant to Indiana's warrant statute. *See* I.C. § 35–33–5–2.

## II. *Good Faith Exception*

■ The State briefly argues that even if the warrant was invalid, the trial court properly admitted the evidence seized during the search pursuant to the good faith exception to the warrant requirement. In *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), *reh'g denied,* the United States Supreme Court held that the exclusionary rule does not require the suppression of evidence obtained in reliance on a defective search warrant if the police relied on the warrant in objective good faith. *Jaggers,* 687 N.E.2d at 184. Our General Assembly has codified the good faith exception in Indiana Code § 35–37–4–5, which provides, in part, that evidence is obtained by a law enforcement officer in good faith if it is obtained pursuant to "a search warrant that was properly issued upon a determination of probable cause by a neutral and detached magistrate, that is free from obvious defects other than nondeliberate errors made in its preparation, and that was reasonably believed by the law enforcement officer to be valid[.]"

■ Both parties direct us to our opinion in *Doss v. State,* 649 N.E.2d 1045 (Ind. Ct.App.1995). There, we reiterated the rule, originally stated by the Supreme Court in *Leon,* that the good faith exception does not apply where the affidavit, or, as in this case, the sworn testimony, is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* at 1047 (citing *Leon,* 468 U.S. at 923, 104 S.Ct. 3405, 82 L.Ed.2d 677). We relied on that rule in *Doss* because there was "absolutely no information within the affidavit to shed light on the credibility or reliability of the [confidential informant's] allegations." *Id.* at 1049. The State contends that *Doss* is distinguishable because, in Jackson's case, "the confidential informant's credibility was established by his past cooperation with officers in prior drug purchases, his recent knowledge of the residence, and corroboration by citizen complaints." (Appellee's Br. p. 8). We rejected these arguments

above, and we do so again here. Just as we said about the affidavit in *Doss*, Detective Blackwell's testimony at the warrant hearing "was so bare bones and so lacking in indicia of probable cause as to make a reliance upon the resulting warrant objectively unreasonable." *Doss*, 649 N.E.2d at 1049. Therefore, the good faith exception does not apply. Because the gun was the basis of the State's prosecution for unlawful possession of a firearm by a serious violent felon, the erroneous admission of the gun into evidence was not harmless, and, not surprisingly, the State makes no such argument. As such, we reverse Jackson's conviction.

## CONCLUSION

Based on the foregoing, we conclude that the search warrant was invalid under Indiana Code § 35–33–5–2 and that the evidence seized during the search was not otherwise admissible under the good faith exception to the warrant requirement. Therefore, the trial court abused its discretion by admitting the evidence during trial. Because the State does not contend that the error was harmless, we reverse Jackson's conviction for unlawful possession of a firearm by a serious violent felon.

Reversed.

ROBB, J., concurs.

BAKER, C.J., dissents with separate opinion.

BAKER, Chief Judge, dissenting.

I respectfully dissent from the result reached by the majority because I believe that the trial court's search warrant was supported by probable cause. While I agree that Detective Blackwell's sworn testimony was based on hearsay, I believe that his testimony was sufficient to support issuing the search warrant. Moreover, even assuming for the sake of the argument that probable cause did not exist, I believe that the good faith exception applies.

Detective Blackwell attested that a confidential informant had informed him that Jackson "was selling cocaine, marijuana, and crack cocaine" from a residence. Suppression Ex. A p. 4. This confidential informant had made several controlled buys for the drug task force in the past. *Id.* The majority purports that "the fact that the informant had made several buys in the past does not establish his credibility. Such conduct merely shows that he can follow instructions and do what he is told." Op. p. 833. I disagree.

In *Jaggers v. State,* our Supreme Court stated that, as a general rule, uncorroborated hearsay alone cannot support a finding of probable cause to issue a search warrant. 687 N.E.2d 180, 182 (Ind.1997). However, the *Jaggers* court emphasized that hearsay exhibiting some hallmarks of reliability can suffice to support a finding of probable cause. *Id.* Specifically,

> the trustworthiness of hearsay for purposes of proving probable cause can be established in a number of ways, including where (1) the informant has given correct information in the past; (2) independent police investigation corroborates the informant's statements; (3) some basis for the informant's knowledge is shown; or (4) the informant predicts conduct or activities by the suspect that are not ordinarily easily predicted. Depending on the facts, other considerations may come into play in establishing the reliability of the informant or the hearsay.

*Id.*

The majority concludes that the informant's previous buys for the drug task force do not establish his credibility. I disagree with this conclusion because the

confidential informant's previous cooperative interactions with the drug task force provided the requisite indicia of reliability to establish trustworthiness. Phrased another way, the informant had established his reliability by forming a relationship with the police by assisting them with other successful drug buys. Moreover, the facts herein are sufficiently analogous to the four examples our Supreme Court provided in *Jaggers*. Thus, I believe that the hearsay on which Detective Blackwell's sworn testimony was based exhibited the requisite indicia of reliability and provided the requisite probable cause.

Even assuming for the sake of the argument that Officer Blackwell's testimony did not provide probable cause to issue the search warrant, I disagree with the majority's conclusion that the good faith exception does not apply. As support for its conclusion, the majority relies upon *Doss*, in which we held that the affiant was " 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.' " Op. p. 834 (citing *Doss*, 649 N.E.2d at 1047). For the reasons stated above—namely, the informant's cooperative relationship with the drug task force—I cannot agree that Officer Blackwell's testimony so lacked the indicia of probable cause as to render official belief in its existence entirely unreasonable. Thus, I would affirm the judgment of the trial court.