Bradford, Judge,
dissenting.
I respectfully disagree with the majority’s disposition of this case. Without reaching the question of probable cause, I believe at-the very least that the good faith exception applies to render the evidence collected from McGrath’s residence admissible. Consequently, I respectfully dissent.
[T]he exclusionary rule does not require the suppression of evidence obtained in reliance on a defective search warrant if the police relied on the warrant in objective good faith. United States v. Leon, 468 U.S. 897, 922, 104 S.Ct. 3405, 3420, 82 L.Ed. 2d 677, 698 (1984); (Jaggers v. State, 687 N.E.2d 180, 184 (Ind. 1997) ]. The good faith exception has been codified at Indiana Code § 35-37-4-5(a), which provides that “the court may not grant a motion to exclude evidence on the grounds that the search or seizure by which the evidence was obtained was unlawful if the evidence was obtained by a law enforcement officer in good faith.”
[[Image here]]
The good faith exception cannot be so broadly construed as to obliterate the exclusionary rule. Dolliver v. State, 598 N.E.2d 525, 529 (Ind. 1992). Accordingly, certain police conduct does not qualify for this exception, including where: (1) the magistrate is misled by information in the affidavit that the affiant either knew was false or would have known was false except for his reckless disregard for the truth, or (2) the warrant was based on an affidavit so lacking in indicia of probable cause as to render belief in its existence unreasonable. Jaggers, 687 N.E.2d at 184 (citing Leon, 468 U.S. at 923, 104 S.Ct. at 3421, 82 L.Ed. 2d at 699); [State v. Johnson, 669 N.E.2d 411, 412 (Ind. Ct. App. 1996), trans. denied].
Newby v. State, 701 N.E.2d 593, 602-03 (Ind. Ct. App. 1998).
I. The FLIR Warrant
Here, the record clearly supports the conclusion that the police acted in good faith in executing the FLIR warrant. I acknowledge, as does the majority, the *670 extreme care exercised by law enforcement during the investigation in this case. There is no suggestion that any information set forth by Detective Buckner in his affidavit is false, much less that he knew it to be false or showed reckless disregard for the truth. McGrath’s entire argument seems to be that Detective Buckner’s affidavit was incomplete, and therefore apparently impermissibly misleading, by failing to note that other houses in the ax-ea had both central and auxiliary air-conditioning units and/or window coverings of some sort.
While it is true that “when there is a material omission of fact, this amounts to deliberate, reckless, or grossly negligent conduct[,]” Hayworth v. State, 904 N.E.2d 684, 699 (Ind. Ct. App. 2009), McGrath has not established that any omission was material. First and foremost, the fact that some of the things Detective Buckner ob-sex-ved can have innocuous explanations does nothing to undex-cut the fact that dark window coverings and additional air conditioning units are, in fact, indications of illegal activity, which McGrath does not dispute. Second, very few, if any, of the nearby houses’ windows appear to have “dark coverings,” as on McGrath’s house. (Defendant’s Ex. D). Because it may be inferred that Detective Buckner is refer-x-ing to window coverings intended to block all light, coverings that are not completely opaque are not suspicious, and one would not expect Detective Buckner to mention them, even if he had noticed them on other houses. Last, Detective Buckner was responding to a i-eport of possible illegal activity at one addi-ess; his failure to examine the entire neighborhood for other houses with window coverings or suspiciously excessive air conditioning did not show a reckless disregard for the truth. The record does not support a conclusion that the magistrate was misled by Detective Buckner by any alleged omissions. I would conclude that police relied on the FLIR warrant in good faith.
II. The Second Warrant
McGrath also contends that the warrant to search McGrath’s house, obtained by Detective Buckner using the results of the FLIR inspection conducted by Detective Condon and Sergeant Andresen, was so lacking in indicia of probable cause as to render belief in its existence unreasonable. McGrath specifically argues that Detective Buckner’s affidavit is defective because it did not describe Detective Con-don’s qualifications or experience or the FLIR system in sufficient detail. Detective Buckner averred in his application for the second warrant that Detective Condon told him that, based on Detective Condon’s experience and training, the heat signature from McGrath’s house was consistent with a marijuana-growing opex-ation. As a general proposition, it is well-settled that “as long as participating officers seeking the issuance of a search warrant collectively have probable cause, their individual knowledge can be imputed to the officer signing the affidavit in support of the search warrant.” Utley v. State, 589 N.E.2d 232, 236 (Ind. 1992). As such, there is nothing about reliance on the expertise of fellow police officers that undercuts probable cause.
McGrath points to no authority for the proposition that Detective Condon’s experience and training should have been spelled out in detail, and I am awax-e of none. Moreover, I believe that it is perfectly reasonable to infer that “Detective Con-don” is a fellow police officer of Detective Buckner, especially in the context of the warrant application. Nor is there any authority requiring the FLIR system’s operations to be described in detail, as McGrath argues should have been done. In summary, because the second warrant is *671 not so lacking in indicia of probable cause as to render reliance on it unreasonable, police relied on it in good faith. I would affirm the judgment of the trial court on the basis that the good faith exclusion applies to the two warrants in this case.[7]

. Because I would decide the case based on the officers' good-faith reliance on the search warrants, I would not reach the question of whether the warrants were, in fact, supported by sufficient probable cause.