## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 19 2020, 8:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Justin R. Wall
Wall Legal Services
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Keith E. Wright, Jr.,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

August 19, 2020

Court of Appeals Case No.
20A-CR-714

Appeal from the Wabash Circuit Court

The Honorable Robert R. McCallen III, Judge

Trial Court Cause No.
85C01-1909-F5-1361

**Najam, Judge.**

# Statement of the Case

Keith E. Wright, Jr. appeals his conviction, following a jury trial, for escape, as a Level 5 felony. Wright presents two issues for our review, which we restate as the following three issues:

1. Whether the State presented sufficient evidence to support his conviction.

2. Whether the trial court abused its discretion when it sentenced him.

3. Whether his sentence is inappropriate in light of the nature of the offense and his character.

We affirm.

# Facts and Procedural History

On September 24, 2019, Wabash County Sheriff's Deputy John Palmer and Wabash Police Department Sergeant Nick Brubaker were providing security at the Wabash County Courthouse. At some point that day, Wright arrived at the courthouse. Deputy Palmer was aware that there was an active arrest warrant for Wright, so Deputy Palmer arrested him.

Wright immediately asked Deputy Palmer whether he could call his mother. Wright wanted to tell his mother that he was going to jail and to ask her to "come get [his] car." Tr. Vol. 2 at 159. Deputy Palmer refused Wright's request and told him that he had to "stay with [them]." *Id*. at 110. Because the

jail is close to the courthouse, Deputy Palmer and Sergeant Brubaker planned to escort Wright to the jail from the courthouse on foot.

[5] Wright repeatedly asked for permission to call his mother. Sergeant Brubaker finally relented and offered to walk him to his car, where he had a cell phone, before taking him to the jail. Wright had also asked Deputy Palmer and Sergeant Brubaker not to handcuff him. Deputy Palmer told Wright that they had to handcuff him, but Wright told them that he was "not going to run." *Id.* Because Sergeant Brubaker knew Wright from previous dealings, Sergeant Brubaker decided to escort Wright to his car without handcuffing him. Deputy Palmer stayed at the courthouse.

[6] When Wright and Sergeant Brubaker got to Wright's car, Wright could not open the car door, and he asked Sergeant Brubaker if he could kick in the car window. Sergeant Brubaker refused and told Wright that they had to "get going." *Id.* at 131. Wright bent over to tie his shoes. When he stood up, Wright said he was "sorry" and "bolted." *Id.* Sergeant Brubaker pursued Wright, who had fled down a dead-end street and had to double back. At some point, Sergeant Brubaker drew his weapon and ordered Wright to get on the ground. When Wright did not comply, Sergeant Brubaker forcibly subdued Wright and handcuffed him. Sergeant Brubaker then escorted Wright to the jail.

The State charged Wright with escape, as a Level 5 felony. The jury found Wright guilty as charged, and the trial court entered judgment of conviction accordingly and sentenced him to five years in the Department of Correction. This appeal ensued.

## Discussion and Decision

### *Issue One: Sufficiency of the Evidence*

Wright first contends that the State failed to present sufficient evidence to support his conviction. As our Supreme Court recently stated:

> When an appeal raises "a sufficiency of evidence challenge, we do not reweigh the evidence or judge the credibility of the witnesses . . . ." We consider only the probative evidence and the reasonable inferences that support the verdict. "We will affirm 'if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt.'"

*Phipps v. State*, 90 N.E.3d 1190, 1195 (Ind. 2018) (quoting *Joslyn v. State*, 942 N.E.2d 809, 811 (Ind. 2011)).

To convict Wright of escape, the State had to prove that Wright intentionally fled from lawful detention. Ind. Code § 35-44.1-3-4(a) (2020). "'Lawful detention' means: (1) arrest . . . ; (9) custody for purposes incident to any of the above including transportation, medical diagnosis or treatment, court appearances, work, or recreation; or (10) any other detention for law

enforcement purposes." I.C. § 35-31.5-2-186. "Arrest" is "the taking of person into custody, that he may be held to answer for a crime." I.C. § 35-33-1-5. An arrest occurs "'when a police officer interrupts the freedom of the accused and restricts his liberty of movement.'" *State v. Parrott*, 69 N.E.3d 535, 542 (Ind. Ct. App. 2017) (quoting *Fentress v. State*, 863 N.E.2d 420, 423 (Ind. Ct. App. 2007)).

[10] Wright's sole contention on appeal is that the State did not prove that he had been lawfully detained. He asserts that, at all times before he left Sergeant Brubaker's presence, he was unrestrained and free to leave. However, Wright's argument on appeal amounts to a request that we reweigh the evidence, which we cannot do.

[11] At the courthouse, Deputy Palmer read Wright the arrest warrant and told him that he was under arrest and that he had to go with the officers. Also, Sergeant Brubaker testified that his plan was to escort Wright to his car and then transport him to jail for processing. The evidence shows that Wright was lawfully detained, and the State presented sufficient evidence to support his escape conviction.

### Issue Two: Abuse of Discretion in Sentencing

[12] Wright next maintains that the trial court abused its discretion when it issued "a sentenc[ing] statement that listed no mitigating factors, despite the presence of numerous supported mitigators." Appellant's Br. at 22. Sentencing decisions

lie within the sound discretion of the trial court. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014) (citation omitted), *trans. denied*.

[13] A trial court abuses its discretion in sentencing if it does any of the following:

> (1) Fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence-including a finding of aggravating and mitigating factors if any-but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law."

*Id.* (quoting *Anglemyer v. State*, 868 N.E.2d 482, 490-91(Ind. 2007), *clarified on reh'g on other grounds*, 875 N.E.2d 218 (Ind. 2007)).

[14] The sentencing range for a Level 5 felony is one year to six years, with an advisory sentence of three years. I.C. § 35-50-2-6(b). Here, at sentencing, the trial court identified the following aggravators: Wright's criminal history, which includes one felony and eleven misdemeanors, including battery, resisting law enforcement, and domestic battery; and the fact that Wright's probation had been revoked four times. The trial court identified no mitigators and imposed a five-year sentence.

[15] Wright asserts that his "trial counsel raised two mitigating circumstances: alcohol and substance abuse and various physical problems." Appellant Br. at 21. Wright contends that those mitigators are both significant and supported by the record. Thus, he contends that the trial court abused its discretion when it failed to find these mitigators. We cannot agree.

[16] The finding of mitigating circumstances is within the discretion of the trial court. *Rascoe v. State*, 736 N.E.2d 246, 248-49 (Ind. 2000). An allegation that the trial court failed to identify or find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and *clearly supported* by the record. *Id.* at 249 (emphasis added). The trial court is not obligated to accept the defendant's contentions as to what constitutes a mitigating circumstance. *Id.*

[17] Here, the only support for Wright's claim that he has suffered from alcohol and substance abuse and various physical problems is his self-serving statements in the Presentence Investigation Report. Without more, Wright has not shown that the record clearly supports these proffered mitigating circumstances. We hold that the trial court did not abuse its discretion when it sentenced Wright.

### Issue Three: Inappropriateness of Sentence

[18] Finally, Wright asserts that his five-year sentence is inappropriate in light of the nature of the offense and his character. As our Supreme Court had made clear:

> The Indiana Constitution authorizes appellate review and revision of a trial court's sentencing decision. Ind. Const. art. 7, §§ 4, 6; *Serino v. State*, 798 N.E.2d 852, 856 (Ind. 2003). This authority is implemented through Indiana Appellate Rule 7(B), which permits an appellate court to revise a sentence if, after due consideration of the trial court's decision, the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. *Serino*, 798 N.E.2d at 856. The principal role of such review is to attempt to leaven the outliers. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). The burden is on the defendant to persuade the reviewing court that the sentence is inappropriate. *Bowman v. State*, 51 N.E.3d 1174, 1181 (Ind. 2016).

*Robinson v. State*, 91 N.E.3d 574, 577 (Ind. 2018) (per curiam).

Further:

> Indiana Appellate Rule 7(B) is a "rare" avenue for appellate relief that is reserved "for exceptional cases." *Livingston v. State*, 113 N.E.3d 611, 612-13 (Ind. 2018) (per curiam). Even with Rule 7(B), "[s]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Stephenson v. State*, 29 N.E.3d 11, 122 (Ind. 2015) (quoting *Cardwell*, 895 N.E.2d at 1222). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Id.* Absent such a "sufficiency compelling" evidentiary basis, we will not "override the decision of . . . the trial court." *Id.*

*Sorenson v. State*, 133 N.E.3d 717, 728 (Ind. Ct App. 2019) (alteration and omission original to *Sorenson*), *trans. denied.* And we have explained that the revision of a sentence under Appellate Rule 7(B) requires that an appellant "'demonstrate that his sentence is inappropriate in light of *both* the nature of the

offenses and his character.'" *Sanders v. State*, 71 N.E.3d 839, 843 (Ind. Ct. App. 2017) (quoting *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008)) (emphasis original to *Williams*), *trans. denied*.

[20] Wright contends that his sentence is inappropriate in light of the nature of the offense because the "offense is not at all egregious due to the fact that the crime revolves around [him] essentially running about thirty to forty feet into a dead end and peaceably being detained." Appellant's Br. at 18. However, contrary to Wright's contention, Sergeant Brubaker testified at trial that, given Wright's size advantage over him, he had to draw his weapon during his pursuit of Wright. Sergeant Brubaker also testified that he had to use force to detain Wright because Wright did not comply with his command to get on the ground. Accordingly, we cannot say that Wright's five-year sentence is inappropriate in light of the nature of the offense.

[21] Wright contends that his sentence is inappropriate in light of his character because his criminal history is minor and because of his substance abuse and mental health issues. We cannot agree. Wright's criminal history is significant, and he has had his probation revoked on four occasions. With respect to his substance abuse and mental health issues, Wright does not explain steps he has taken to resolve those issues in the past. We cannot say that Wright's sentence of five years is inappropriate in light of the nature of the offense and his character.

[22] Affirmed.

Bradford, C.J., and Mathias, J., concur.