**Bobby ROBINSON a/k/a Steven Smith,
Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–0711–CR–634.

Court of Appeals of Indiana.

June 27, 2008.

mulative evidence." Ind. Evidence Rule 403.

Susan D. Rayl, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BRADFORD, Judge.

Appellant/Defendant Bobby Robinson a/k/a Steven Smith appeals from his con-

victions for Class B felony Cocaine Possession [1] and Class A misdemeanor Paraphernalia Possession.[2] Robinson contends that police did not have probable cause to arrest him and that Indiana Code section 35–38–4–6(b)(2)(B), which defines Class B felony Cocaine Possession, is unconstitutional for various reasons. We affirm.

## FACTS AND PROCEDURAL HISTORY

At approximately 10:00 a.m. on February 28, 2007, Indianapolis Metropolitan Police Officer Mark Ayler was dispatched to the Red Carpet Inn near the intersection of High School Road and 38th Street. Officer Ayler arrived and met Indianapolis Metropolitan Police Officer Kevin Jennings and Sherrie Hannon at the front desk of the hotel. Hannon told the police that she had been staying at the Red Carpet Inn for three days and that she had let Robinson into her room at approximately 5:00 a.m. According to Hannon, at approximately 9:00 a.m., Robinson telephoned a person called "Nephew" and told him to bring some crack cocaine to the Red Carpet Inn, which crack cocaine Robinson subsequently purchased for $50.00. At this point, Hannon handed the police a towel that contained what appeared to be a pipe for smoking crack cocaine.

Hannon told police that she and Robinson had both smoked crack cocaine and that she had called police because he had begun to act "funny" to the point where she had become concerned that he would harm or rob her. Tr. p. 22. Hannon told police that there was more crack cocaine in the room and allowed them in. When police walked in, Robinson was sitting on one of the beds. Hannon told police that some crack cocaine had been secreted in the battery compartment of the clock, and one of the officers recovered crack cocaine from the clock. At this point, police placed Robinson and Hannon under arrest. Police searched Robinson and recovered additional crack cocaine, weighing 0.0667 grams, from his right shoe. Robinson also told police that they could find a crack pipe in a sweatshirt on one of the beds.

The State ultimately charged Robinson with Class B felony cocaine possession and Class A misdemeanor paraphernalia possession. After a bench trial, the trial court found Robinson guilty as charged. The trial court sentenced Robinson to ten years of incarceration for cocaine possession and one year for paraphernalia possession, both sentences to be served concurrently, with nine years suspended, and two of those suspended to probation.

## DISCUSSION AND DECISION

### I. Admission of Evidence Seized Following Arrest

Robinson contends that the trial court abused its discretion in admitting evidence recovered after his arrest because the police lacked probable cause to arrest him.

The Fourth Amendment to the United States Constitution protects people from unreasonable searches and seizures. U.S. Const. Amend. IV. The Fourteenth Amendment extended to state governments the Fourth Amendment's requirements for constitutionally valid searches and seizures. *Figert v. State,* 686 N.E.2d 827, 830 (Ind.1997). A search conducted without a warrant is presumed unreasonable unless the State can demonstrate the search was permitted by one of the exceptions to the warrant requirement. *VanPelt v. State,* 760

---

1. Ind.Code § 35–38–4–6(b)(2)(B) (2006).

2. Ind.Code § 35–48–4–8.3(a) (2006).

N.E.2d 218, 221 (Ind.Ct.App.2001). One exception to the warrant requirement is a search incident to a lawful arrest. *White v. State,* 772 N.E.2d 408, 411 (Ind. 2002). An arrest is lawful if it is supported by probable cause. *VanPelt,* 760 N.E.2d at 222. Upon arrest, police may search the arrestee and the area within the arrestee's immediate control. *White,* 772 N.E.2d at 411.

*Johnson v. State,* 831 N.E.2d 163, 167 (Ind. Ct.App.2005), *trans. denied.* "Probable cause for an arrest exists if at the time of the arrest the officer has knowledge of facts and circumstances which would warrant a man of reasonable caution to believe that the suspect has committed the criminal act in question." *Fentress v. State,* 863 N.E.2d 420, 423 (Ind.Ct.App.2007). "A police officer's subjective belief concerning whether he had probable cause to arrest a defendant has no legal effect." *Id.*

 Here, the probable cause to arrest Robinson, if established, was provided almost entirely by Hannon's statements and actions, as related by Officer Ayler at trial. Robinson contends that Hannon's statements to police lacked sufficient indicia of reliability to establish probable cause.

The trustworthiness of hearsay for the purpose of proving probable cause can be established in a number of ways, including where: (1) the informant has given correct information in the past, (2) independent police investigation corroborates the informant's statements, (3) some basis for the informant's knowledge is demonstrated, or (4) the informant predicts conduct or activity by the suspect that is not ordinarily easily predicted.

*State v. Spillers,* 847 N.E.2d 949, 954 (Ind. 2006) (citing *Jaggers v. State,* 687 N.E.2d 180, 182 (Ind.1997)). "These examples however are not exclusive." *Id.* " 'Depend-

ing on the facts, other considerations may come into play in establishing the reliability of the informant or the hearsay.' " *Id.* (quoting *Jaggers,* 687 N.E.2d at 182). One such additional consideration is whether the informant has made "[d]eclarations against penal interest." *Id.* (quoting *Houser v. State,* 678 N.E.2d 95, 100 (Ind. 1997)).

In *Spillers,* the Indiana Supreme Court clarified that not all admissions of criminal activity amount to statements against penal interest sufficient to support a finding of probable cause. *Id.* at 956–57. In so doing, the Court noted the distinction between cases in which an informant, "after arrest or confrontation by police, admitted committing criminal offenses under circumstances in which the crimes otherwise would likely have gone undetected" and those in which the "informant was caught 'red-handed[,]' " where the "tip [is] less a statement against ... penal interest than an obvious attempt to curry favor with the police." *Id.* at 956. In the first instance, as opposed to the second, the *Spillers* court concluded that " '[a]dmissions of crime ... carry their own indicia of credibility—sufficient at least to support a finding of probable cause[.]' " *Id.* (quoting *United States v. Harris,* 403 U.S. 573, 583, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971)).

Here, we conclude that Hannon's declarations were clearly against her penal interest when she told police that she had been smoking crack cocaine with Robinson. At the very least, Hannon's statements, as well as the act of giving the purported crack cocaine pipe to police, subjected her to charges for Class B felony cocaine possession and Class A misdemeanor paraphernalia possession. Moreover, these potential crimes would almost certainly have gone undetected otherwise, placing this case squarely in the first category of cases identified by the *Spillers*

court. Indeed, we find it even more compelling that Hannon herself initiated contact with the police, rather than making her declarations after being arrested or confronted for some other reason.

We conclude also that the face-to-face nature of Hannon's tip tended to establish its reliability, for at least two reasons. First, Officers Ayler and Jennings were able to judge Hannon's credibility firsthand. When an informant relates information to the police face-to-face, the officer has an opportunity to assess the informant's credibility and demeanor. *United States v. Christmas*, 222 F.3d 141, 144 (4th Cir.2000). Second, a face-to-face tipster has surrendered her anonymity. "[C]itizens who personally report crimes to the police thereby make themselves accountable for lodging false complaints." *Id.* (citing *Illinois v. Gates*, 462 U.S. 213, 233–34, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). Due to Hannon's statements and actions

against her penal interest and the face-to-face nature of her tip, we conclude that her statements had sufficient indicia of reliability to support a finding of probable cause to arrest Robinson.[3] Consequently, the trial court did not abuse its discretion in admitting evidence obtained as a result.

## II. Constitutionality of Indiana Code Section 35–48–4–6(b)(2)(B)

Indiana Code section 35–48–4–6 provides, in relevant part, as follows:

A person who, without a valid prescription or order of a practitioner acting in the course of the practitioner's professional practice, knowingly or intentionally possesses cocaine (pure or adulterated) or a narcotic drug (pure or adulterated) classified in schedule I or II, commits possession of cocaine or a narcotic drug, a Class D felony, except as provided in subsection (b).

(b) The offense is:

. . . .

---

**3.** Although our research has revealed no Indiana case that recognizes the generally greater credibility of a face-to-face informant, as opposed to an anonymous one, the principle is well settled in the federal courts, including the United States Supreme Court. *See, e.g., Adams v. Williams*, 407 U.S. 143, 146–147, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972) (concluding that a forcible stop of suspect was justified based on face-to-face tip from informant known to police officer, noting that "[t]his is a stronger case than obtains in the case of an anonymous telephone tip. The informant here came forward personally to give information that was immediately verifiable at the scene."); *Florida v. J.L.*, 529 U.S. 266, 276, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000) (Kennedy, J., concurring) ("If an informant places his anonymity at risk, a court can consider this factor in weighing the reliability of the tip. An instance where a tip might be considered anonymous but nevertheless sufficiently reliable to justify a proportionate police response may be when an unnamed person driving a car the police officer later describes stops for a moment and, face to face, informs the police that criminal activity is occurring."); *Davis v. United States*, 759

A.2d 665 (D.C.App.2000) (concluding that police officer had probable cause for search after informant who declined to give his name flagged down the officer and told him that a man nearby in a wheelchair was selling crack out of his right shoe); *United States v. Salazar*, 945 F.2d 47, 50–51 (2d Cir.1991) ("[A] face-to-face informant must, as a general matter, be thought more reliable than an anonymous telephone tipster, for the former runs the greater risk that he may be held accountable if his information proves false."); *United States v. Sierra–Hernandez*, 581 F.2d 760, 763 (9th Cir.1978) ("[A]lthough the informant did not identify himself by name, he would have been available for further questioning if the agent had judged the procedure appropriate. Unlike a person who makes an anonymous telephone call, this informant confronted the agent directly."); *United States v. Gorin*, 564 F.2d 159, 161 (4th Cir. 1977) (per curiam) ("[S]tandards of reliability should not prevent appropriate action when a victim of a crime immediately has contacted the police. That same analysis applies [when a witness informs the police in person about a crime].").

(2) a Class B felony if the person in possession of the cocaine or narcotic drug possesses less than three (3) grams of pure or adulterated cocaine or a narcotic drug:

 (A) on a school bus; or

 (B) in, on, or within one thousand (1,000) feet of:

 (i) school property;

 (ii) a public park;

 (iii) a family housing complex; or

 (iv) a youth program center[.]

Robinson contends that Indiana Code section 35–48–4–6(b)(2)(B) is unconstitutional for the following reasons: (1) it is void for vagueness and violates the rule of lenity and fair notice requirement; (2) it violates the Proportionality Clause of Article I, Section 16, of the Indiana Constitution; (3) it violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; (4) it violates the Equal Privileges Clause of Article I, Section 23, of the Indiana Constitution; and (5) it rendered him unable to prepare a defense, thereby denying him due process in violation of the Sixth and Fourteenth Amendments to the United States Constitutions and Article I, Section 13, of the Indiana Constitution.

This court has recently addressed, in an effectively identical factual context, the same five arguments and has found them all wanting. *See Manigault v. State*, 881 N.E.2d 679 (Ind.Ct.App.2008). In *Manigault*, the defendant was found to be in possession of cocaine at the Knights Inn Motel, which qualified as a "family housing complex" under Indiana Code section 35–41–1–10.5(2). In this case, Robinson was found to be in possession of cocaine at the Red Carpet Inn, which also qualifies as a family housing complex. We are in agreement with the logic of *Manigault* and therefore reject Robinson's constitutional challenges to Indiana Code section 35–48–4–6(b)(2)(B) for the reasons stated in that opinion.

We conclude that the trial court did not abuse its discretion in admitting evidence collected following Robinson's arrest, as it was supported by probable cause. Moreover, we reject Robinson's constitutional challenges to Indiana Code section 35–48–4–6(b)(2)(B) for the reasons cited by this court in *Manigault*, 881 N.E.2d at 687–90.

We affirm the judgment of the trial court.

BARNES, J., and CRONE, J., concur.