## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 20 2019, 6:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert D. Rivard, *Appellant-Defendant,* v. State of Indiana, *Appellee-Plaintiff.* | December 20, 2019 Court of Appeals Case No. 19A-CR-1122 Appeal from the Vigo Superior Court The Honorable Sarah K. Mullican, Judge Trial Court Cause No. 84D03-1603-F2-812 |

**Altice, Judge.**

## Case Summary

Robert D. Rivard appeals the revocation of his probation, claiming that the evidence seized from his residence by police was improperly admitted at the revocation hearing because there was no reasonable suspicion to support a warrantless search.

We affirm.

## Facts and Procedural History

In 2016, Rivard pleaded guilty to Level 2 felony dealing in methamphetamine, pursuant to a plea agreement. A portion of the plea agreement provided that

> If the Defendant is sentenced to a term of probation, the defendant agrees to waive his . . . constitutional rights under the Fourth Amendment to the United States Constitution and Article 1, § 11 of the Indiana Constitution. The defendant waives these constitutional rights as to his . . . person, vehicle, residence cellular telephone(s), computer(s) and/or other electronic storage or communication device(s). *The defendant understands and agrees that [the above] may be searched at any time, without notice, without reasonable suspicion, without probable cause, or without a search warrant. . . . .* The defendant further understands and agrees that any contraband or evidence of other criminal activity derived from the search of the above listed property and/or items may be introduced against him . . . at a probation revocation hearing and/or criminal prosecution.

*Appellant's Appendix Vol. II* at 78 (emphasis added).

On October 18, 2016, the trial court sentenced Rivard to nineteen years of incarceration with six years executed and thirteen years suspended to

probation. Thereafter, on November 6, 2017, the trial court granted Rivard's petition for sentence modification, ordered the remainder of the sentence suspended, and permitted Rivard to be placed on probation. That same day, Rivard acknowledged, agreed to, and signed written conditions of probation that included the following:

> You agree to waive your constitutional rights under the Fourth Amendment of the United States Constitution and Article 1, Section 11 of the Indiana Constitution. You waive these constitutional rights as to your person, vehicle or residence. *You agree that you, any vehicle you are operating or your residence may be searched at any time without notice, probable cause, or a search warrant.* This search may be conducted by any Vigo County Adult Probation Officer or any law enforcement officer *acting with reasonable suspicion that you may be in violation of any of the conditions of your probation or direct placement. . . .*

*Id.* at 123 (emphases added).

In August 2018, the Vigo County Drug Task Force began conducting an investigation regarding marijuana distribution in the Terre Haute area. At some point prior to August 29, Terre Haute police received information that Rivard was dealing marijuana from his Terre Haute residence. This information was provided to Terre Haute Police Department Detective Brian Bourbeau from Vivian Frazier after police officers had seized a quantity of marijuana from Frazier's residence. At some point, Frazier showed Detective Bourbeau several text messages that she had received from Rivard, indicating

that she and Rivard were negotiating a drug deal. Frazier had provided information to Terre Haute detectives in the past that proved to be reliable.

[6] Detective Bourbeau contacted Rivard's probation officer and confirmed that a "Fourth Amendment Waiver" was included in Rivard's conditions of probation. *Transcript* at 7. On August 29, 2018, Detective Bourbeau and other police officers proceeded to Rivard's residence, knocked on the door, and received no response. After a neighbor informed Detective Bourbeau that Rivard drove a white Lexus and frequently made many trips to and from his residence on a daily basis, Detective Rivard and some other officers maintained surveillance in the vicinity.

[7] Later that same day, Detective Bourbeau observed a white Lexus approach the area. One of the police officers stopped the vehicle for speeding and the driver was identified as Rivard. Rivard was then transported to his home and Detective Bourbeau informed him that they were going to search the residence. At that point, Rivard volunteered that there was marijuana inside. During the search, the officers seized a total of 203.7 grams of marijuana, a handgun, and various drug paraphernalia.

[8] Rivard was arrested and charged with several criminal offenses that related to the items that were seized in the search. The State also filed a petition to revoke Rivard's probation on September 4, 2018. At the revocation hearing, Rivard objected to the admission of the evidence that was seized from his residence, claiming that the State lacked reasonable suspicion to search his home in

accordance with the conditions of probation. The State responded that reasonable suspicion was not required in light of the waiver provision in the plea agreement. The trial court overruled Rivard's objection, admitted the evidence, and determined that the State proved by a preponderance of the evidence that Rivard had violated the conditions of his probation.[1] Thereafter, Rivard was sentenced to an executed term of eight years of the previously suspended sentence. Rivard now appeals.

### *Discussion and Decision*

[9] When reviewing a probation revocation order, we consider the evidence most favorable to the trial court's judgment without reweighing the evidence or judging the credibility of the witnesses. *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999). The trial court has broad discretion to admit evidence, and reversal can only be predicated on a finding of an abuse of that discretion and resulting prejudice. *Prewitt v. State,* 878 N.E.2d 184, 187 (Ind. 2007).

[10] The rules of evidence do not strictly apply in probation matters and trial courts are "allow[ed] even more flexibility in the admission of evidence[.]" Indiana Evid. Rule 101(d)(2); *Christie v. State*, 939 N.E.2d 691, 693 (Ind. Ct. App. 2011). Additionally, our Supreme Court has held that trial courts may consider any relevant evidence bearing some substantial indicia of reliability in probation

---

[1] The trial court did not address the issue regarding the legality of the search, and there was no specification as to which condition of probation that Rivard violated.

revocation hearings. *Cox*, 706 N.E.2d at 551. The considerable flexibility trial judges enjoy in admitting evidence at probation revocation proceedings stems from the recognition that "probationers are not entitled to the full array of constitutional rights afforded defendants at trial." *Id*. at 549.

[11] Among the protections lost by probationers, is the full applicability of the exclusionary rule. *Dulin v. State*, 346 N.E.2d 746, 752-53 (Ind. Ct. App. 1976). Searches of probationers and community corrections participants who have either consented or been clearly informed that the conditions of the probation or community corrections program unambiguously authorized warrantless and suspicionless searches do not violate the Fourth Amendment. *State v. Vanderkolk*, 32 N.E.3d 775, 779 (Ind. 2015). On the other hand, a waiver that permits searches without a warrant and without probable cause does not unambiguously authorize a search without a "reasonable suspicion" that the defendant has violated the conditions of probation. *See Jarman v. State*, 114 N.E.3d 911, 915 (Ind. Ct. App. 2018), *trans. denied.* Additionally, evidence that is seized illegally will be excluded from a revocation hearing only if it was seized as a part of a continuing plan of police harassment or in a particularly offensive manner. *Henderson v. State*, 544 N.E.2d 507, 512-13 (Ind. 1989).

[12] In this case, there is no evidence of law enforcement harassment or that the police were even investigating Rivard before Frazier told Detective Bourbeau that Rivard was dealing in marijuana. Rivard's name surfaced only with regard to a separate, ongoing, drug investigation in Terre Haute. And after the police had become aware of Rivard's suspected criminal conduct, they lawfully

stopped his vehicle for speeding. Rivard has not established that the police engaged in any inappropriately offensive behavior to obtain the items that were seized during the search of his residence.

[13] Moreover, Rivard has not shown any violation of the exclusionary rule. The plea agreement contains no qualifying language regarding the level of suspicion required, if any, that must be satisfied before a search could be conducted. On the other hand, the waiver language set forth in the conditions of probation required "reasonable suspicion" of a probation violation before a lawful search could be conducted. Notwithstanding the apparent conflict in the two waiver provisions, we need not decide what language controls, as the State established that there was a reasonable suspicion that marijuana would be found at Rivard's residence.

[14] More particularly, we note that reasonable suspicion exists when facts known to a police officer, together with reasonable inferences from those facts, would cause an ordinarily prudent person to believe that a crime has occurred or is about to occur. *Perez v. State*, 981 N.E.2d 1242, 1249 (Ind. Ct. App. 2013), *trans. denied*. Reasonable suspicion does not require law enforcement officers to have the level of suspicion necessary for probable cause, but they must have more than an unparticularized suspicion or hunch. *Castner v. State*, 840 N.E.2d 362, 366 (Ind. Ct. App. 2006). The totality of the circumstances of each case is examined to determine whether there is a particularized and objective basis for suspecting legal wrongdoing. *Bush v. State,* 925 N.E.2d 787, 791 (Ind. Ct. App. 2010). In short, a police officer must "be able to articulate some facts that

provide a particularized and objective basis" for believing a crime has occurred or is afoot. *Marshall v. State*, 117 N.E.3d 1254, 1259 (Ind. 2019). Information received by police face-to-face with a person who is making statements against his or her penal interest enhances the credibility and reliability of that person's information. *Robinson v. State*, 888 N.E.2d 1267, 1270-71 (Ind. Ct. App. 2008), *trans. denied*.

[15] In this case, Rivard volunteered to police officers that marijuana was in his residence. This "open admission" came immediately after the lawful traffic stop when Detective Bourbeau told Rivard that his house was going to be searched. *Transcript* at 8, 27-28. Rivard's volunteered statement to police officers that marijuana was in his house supplied the requisite reasonable suspicion to justify a search. *See Carter v. State*, 634 N.E.2d 830, 833 (Ind. Ct. App 1994) (recognizing that a defendant's volunteered statements not made in response to police interrogation are not barred by the Fifth Amendment to the United States Constitution). Moreover, Rivard's admission was consistent with the information that Frazier conveyed to police. Frazier, who was not "on contract as an informant," told Detective Bourbeau that she had purchased marijuana from Rivard, which was a statement against her penal interest. *Transcript* at 22. *See Robinson*, 888 N.E.2d at 1270-71. Frazier corroborated those statements when she showed Detective Bourbeau her text message exchange with Rivard regarding an imminent drug transaction.

[16] Given Rivard's admission that there was contraband in his house and Frazier's corroborated tip, it is readily apparent that the standard of reasonable suspicion

was established that justified the search of his residence. Thus, Rivard has failed to show that his Fourth Amendment rights were violated when the police officers searched his residence.[2] For the foregoing reasons, we conclude that the trial court did not err in revoking Rivard's probation.

[17]  Judgment affirmed.


Brown, J. and Tavitas, J., concur.

---

[2] Although Rivard cites to some authority and makes a general assertion that the search also violated Article 1, Section 11 of the Indiana Constitution, he advances no separate analysis under the state constitution. Thus, the claim is waived. *Lockett v. State*, 747 N.E.2d 539, 541 (Ind. 2001); *Jackson v. State,* 996 N.E.2d 378, 383 n.3 (Ind. Ct. App. 2013), *trans. denied.* Waiver notwithstanding, we note that Article 1, Section 11 of the Indiana Constitution turns on the reasonableness of police conduct rather than a defendant's expectation of privacy. *See Carpenter v. State*, 18 N.E.3d 998, 1001-02 (Ind. 2014) (holding that "reasonableness" focuses on the totality of the circumstances considering the degree of knowledge that a violation has occurred, along with the extent of intrusion that the method of the search imposes on the citizen's usual activities, and the extent of law enforcement needs). Here, only reasonable suspicion—at most—was required to search Rivard's residence pursuant to the conditions of probation, there was little or no intrusion upon Rivard's ordinary activities when police searched his residence, inasmuch as he was permitted to walk around the house and smoke a cigarette, and the need to determine whether Rivard was continuing to sell drugs in violation of the conditions of his probation was high in light of the fact that he had been placed on probation for drug dealing.