ON TRANSFER FROM THE INDIANA COURT OF APPEALS, NO. 89C01-0505-FA-6
DICKSON, Justice.
In this direct appeal, the defendant challenges his convictions for Dealing in Cocaine, a class A felony,[1] and Possession of Marijuana, a class A misdemeanor.[2] The Court of Appeals reversed both convictions, finding that evidence was improperly admitted due to the insufficiency of a police affidavit on which an initial search warrant was issued. Eaton v. State, 878 N.E.2d 481, 487 (Ind.Ct.App.2007). We granted transfer and affirm the convictions.
The defendant presents two principal claims: (1) the initial search warrant was not supported by sufficient probable cause,[3] and (2) the trial court erroneously admitted evidence seized without sufficient authorization in the search warrants.
*299 1. Adequacy of Affidavit for Search Warrant
The defendant contends that the initial search warrant, which authorized police to search the defendant’s home, was not supported by probable cause. He argues that the police affidavit on which the warrant was based failed to identify or associate the defendant with any conduct implicating criminal activity, place, or association. He further urges that the affidavit failed to show that the defendant’s home contained a criminal enterprise or evidence of crime. He does not assert that the warrant violated any specific statutory or constitutional requirements for particularity, but rather makes a factual argument that, considering the contents of the supporting affidavit, there was “absolutely no probable cause ... ”[4], a “complete absence of ... probable cause....”[5]
The existence of probable cause is evaluated pursuant to the “totality-of-the-circumstances” test. Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983). Probable cause exists “when ‘there is a fair probability that contraband or evidence of a crime will be found in a particular place.’ ” U.S. v. Grubbs, 547 U.S. 90, 95, 126 S.Ct. 1494, 1499, 164 L.Ed.2d 195 (2006) (quoting Gates, 462 U.S. at 238, 103 S.Ct. 2317). Significantly, “probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.” Gates, 462 U.S. at 245 n. 13, 103 S.Ct. 2317. The trial court’s task is to determine whether “there is a fair probability that contraband or evidence of a crime will be found in a particular plaee[,]” id. at 238, 103 S.Ct. 2317, while a reviewing court must “ensure that the magistrate had a ‘substantial basis for ... concluding]’ that probable cause existed.” Id. at 238-39, 103 S.Ct. 2317 (quoting Jones v. US, 362 U.S. 257, 271, 80 S.Ct. 725; 736, 4 L.Ed.2d 697 (1960)).
In its essential parts, the lengthy affidavit stated that, when Edgar Gonzalez was pulled over on Interstate 70 for an unsafe lane change and speeding, he informed the Indiana State Police officer that his destination was a specific milepost marker, but initially claimed no other knowledge of his destination. After consenting to a vehicle search which disclosed approximately four kilograms of cocaine, according to field testing, Gonzalez told the officer that his mission was to deliver the vehicle to some men in Richmond, Indiana, for which he was to be paid $600. Gonzalez continued to his destination, with the affiant State Police officer as his passenger, and a recording device in the vehicle to monitor conversations. During the ensuing drive, the officer heard Gonzalez communicate by wireless telephone to someone who directed Gonzalez to a particular Richmond muffler store. Thereafter, the officer activated the monitoring device and exited the vehicle. When Gonzalez arrived at the muffler store, he was told to pull into one of the service bays. Shortly thereafter, the defendant arrived, spoke with Gonzalez and a third man, and pulled his vehicle into a service bay. The officers then heard the sound of someone attempting to retrieve the cocaine in the vehicle. Gonzalez was then heard saying “[s]how it to me.” Appellant’s App’x at 17. Police officers then entered the business and observed on the front passenger seat of one of the vehicles a black bag containing “a quantity of crack cocaine” and a large sum of “vacuum sealed cash,” estimated to be $60,000 to $100,000 in U.S. currency. Appellant’s App’x at 18. The affiant, then serving on *300 the Drug Enforcement Administration, stated that drug traffickers commonly keep “U.S. currency •within quick access” and maintain records in a variety of forms including “ledgers, computers, cell phones, pagers, phone bills, and wire transfer receipts.” Id. Of the two men, one consented to a search of his residence. The defendant did not, and the affidavit reported his residence address and requested a warrant to search his residence for documents related to drug trafficking. The warrant was issued and, during its execution, the officers observed several items that resulted in the filing of a new affidavit seeking a second warrant authorizing the seizure of various additional items.
The defendant’s argument is that these facts fail to establish probable cause for the issuance of the warrant authorizing police to search his residence. We disagree. The facts presented in the affidavit and the reasonable inferences therefrom show that the defendant was involved in the receipt and unloading of a substantial quantity of illegal drugs, and that incriminating records commonly maintained by persons engaged in drug trafficking were likely to be found at the defendant’s residence. Evaluating the totality of the circumstances, we conclude that the facts set forth in the affidavit established a fair probability, that is, a substantial chance, that evidence of drug trafficking would be found at the defendant’s residence. We are convinced that the issuing magistrate had a “ ‘substantial basis for ... concluding]’ that probable cause existed.” Gates, 462 U.S. at 238-39, 103 S.Ct. 2317.
With emphasis on Figert v. State, 686 N.E.2d 827, 830 (Ind.1997), the dissent asserts that a warrant authorizing a premises search must be based on facts demonstrating a nexus between the drug activity and the place to be searched. In Figert, the affidavit for the search warrant of three homes in close proximity, the third of which was the defendant’s residence, showed that drugs were being sold from the first two, but the “only fact detailed as to the third home” or as to the defendant “was that ‘there are currently a large number of unidentified individuals living in and frequenting the three trailers.’” Id. at 829. The affidavit did not allege that the defendant sold drugs, nor that “the third home was a base of operations for drug trafficking.” Id. No connection was shown between the individuals who lived in the first two homes, from which the officers had bought drugs, and the defendant or his residence. This Court held that these facts failed to establish probable cause for the search of the third home.
Unlike the facts in Figert, the supporting affidavit in the present case did present sufficient facts showing that the defendant was involved in drug trafficking, and it did present facts and reasonable inferences establishing a fair probability that records and equipment related to such drug trafficking were likely to be found in the defendant’s home. As acknowledged by the dissent, other courts have recognized that it is reasonable to believe that drug dealers keep evidence of their activities in their residences. See, e.g., United States v. Pitts, 6 F.3d 1366, 1369 (9th Cir.1993); State v. Godbersen, 493 N.W.2d 852, 855 (Iowa 1992).
We reject the defendant’s claim that the warrant authorizing the search of his home was not supported by sufficient probable cause.
2. Seizure of Items Not Listed in the Search Warrants
The defendant contends that several items collected from his residence violated his constitutional right to be free from *301 unreasonable searches and seizures.[6] The defendant first argues that the cocaine seized pursuant to the second warrant was initially discovered during the execution of the first warrant and exceeded its scope, requiring exclusion from evidence. He next asserts that various incidental items {e.g., baggies, the baggie box, razor blades, residue, marijuana, the “marijuana tray,” handguns, the “tin” holding ammunition, a scooter, etc.) were not enumerated in the second warrant and thus improperly taken and admitted into evidence. Without explanatory argument or citation to supporting authority, the defendant simply declares that the collection and seizure of the items not enumerated in the search warrants “comprises a clear violation” of his constitutional rights against illegal search and seizure. Appellant’s Br. at 21.
These claims are not meritorious. A police officer may seize evidence not identified in a warrant “when he inadvertently discovers items of readily apparent criminality while rightfully occupying a particular location.” Jones v. State, 783 N.E.2d 1132, 1137 (Ind.2003); see also Overstreet v. State, 783 N.E.2d 1140, 1160 (Ind.2003); Houser v. State, 678 N.E.2d 95, 101 (Ind.1997). Indiana law enforcement officials “do not need a warrant to seize incriminating evidence under the plain view doctrine if the following conditions are met: (1) police have a legal right to be at the place from which the evidence can be plainly viewed; (2) the incriminating character of the evidence is immediately apparent; and (3) police have a lawful right of access to the object itself.” Houser, 678 N.E.2d at 101. The defendant does not argue that the items seized violated the plain view doctrine nor dispute that they were in plain view of the officers during their execution of the search warrants.
Amended to his search and seizure claim, the defendant’s also states that, “[hjowever, we are not strictly dealing here with search and seizure violations,” and asserts that the evidence of dealing cocaine should not have been admitted because “the State did not charge the [defendant with dealing cocaine under the ‘dealing’ statute ... [but rather only] charged the [defendant with possession of cocaine.... ” Appellant’s Br. at 21. The defendant does not, however, claim the admission of irrelevant evidence, nor evidence whose unfair prejudice outweighed its probative value, nor improper character or other crime evidence. See Ind. Evidence Rules 402, 403, 404. Instead, he now claims only that the admission of this evidence denied his right to a fair trial.
The defendant was convicted on the charge that he “did possess, with intent to deliver cocaine weighing three (3) grams or more, contrary to Indiana law.” Appellant’s App’x at 13. Possession of cocaine with the intent to deliver it is a class A felony in any of three additional circumstances: (1) “the amount of the drug involved weighs three (3) grams or more;” (2) the offense involved the delivery of the drug, regardless of quantity, to “a person under eighteen (18) years of age [and] at least three (3) years junior to the person;” or (3) the offense involved manufacture, delivery, or financing of the delivery of the *302 drug on a school bus or within one thousand feet of a school, public park, family housing complex, or a youth program center. I.C. § 35 — 48^—1 (b). We understand the defendant to argue that, because he was charged only under the first circumstance, which is based only upon the quantity of cocaine, his right to a fair trial was violated by the admission of evidence relevant not to possession but rather tending to prove the second circumstance, which involves the delivery of the cocaine, with which the defendant was not expressly charged. The State does not respond to this contention.
But the criminal offense with which the defendant was charged and convicted necessarily also includes the elements of section 1(a) of the statute and thus requires that the defendant “did possess, with intent to deliver cocaine weighing three (3) grams or more.” Appellant’s App’x at 13 (emphasis added); see also I.C. § 35-48-4-l(a). The items of evidence challenged by the defendant were directly relevant to the defendant’s intent to deliver. We further observe that the defendant did not claim any violation of his right to fair trial in any of his trial court objections[7] to the challenged evidence, and thus the issue is procedurally defaulted. Evid. R. 103(a).
Conclusion
We affirm the judgment of the trial court.
SHEPARD, C.J., and SULLIVAN, and BOEHM, JJ., concur.
RUCKER, J., dissents with separate opinion.

. Ind.Code § 35-48-4-1 (a)(2)(C); (b)(1).

. I.C. § 35-48-4-11(1).

. The defendant's brief also argues that, if probable cause was lacking for issuance of the warrant, this deficiency is not salvaged by the good faith exception and that it requires exclusion of all subsequently obtained evidence resulting from a second search warrant. Because we find the initial warrant was supported by sufficient probable cause, these ancillary issues are moot.

. Appellant's Br. at 17.

. Id. at 18.

. He claims the protections of both the state and federal constitutions. We address only his federal constitutional claim, however, because he does not argue that the search and seizure provision in the Indiana Constitution calls for a different analysis or would lead to a different result in this case. See White v. State, 772 N.E.2d 408, 411 (Ind.2002); Williams v. State, 724 N.E.2d 1093, 1096 n. 5 (Ind.2000); Matheney v. State, 688 N.E.2d 883, 906 n. 29 (Ind.1997); Fair v. State, 627 N.E.2d 427, 430 n. 1 (Ind.1993); St. John v. State, 523 N.E.2d 1353, 1355 (Ind.1988).

. See Tr. at 857, 858, 859, 860, 862, 863-64, 865, 867, 870, 872, 875, 878, and 881.