ATTORNEY FOR APPELLANT
Anthony C. Lawrence
Anderson, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana



# In the
# Indiana Supreme Court

FILED
Jun 30 2009, 8:36 am
CLERK
of the supreme court,
court of appeals and
tax court

No. 48S02-0809-CR-513

GEORGE JACKSON,

Appellant (Defendant below),

v.

STATE OF INDIANA,

Appellee (Plaintiff below).

Appeal from the Madison Superior Court, Division 1, No. 48D01-0608-FB-270
The Honorable Dennis D. Carroll, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 48A02-0711-CR-988

**June 30, 2009**

**Rucker, Justice.**

George Jackson appeals his conviction for unlawful possession of a firearm by a serious violent felon. Finding the search warrant for Jackson's home valid under the good faith exception to the warrant requirement, we affirm the conviction.

**Fact and Procedural History**

On August 12, 2006, Detective Stephon Blackwell of the Madison County Police Department sought a warrant to search a home on Franklin Street in Anderson, Indiana, allegedly belonging to George Jackson. A hearing for such purpose was conducted before a regularly sitting trial judge of the Madison Superior Court. Detective Blackwell testified that over the previous couple of months he had become involved in an investigation which led him to request a warrant to search for marijuana, cocaine, crack cocaine, and items used to sell, package, weigh or ingest the drugs, along with U.S. currency derived from the sale of cocaine or marijuana. He elaborated as follows:

> Over the last couple of months, the Drug Task Force office has received several complaints from the public about heavy traffic to and from the residence. A confidential informant had advised myself and Drug Task Force that [Jackson] was selling cocaine, marijuana, and crack cocaine from this residence. The confidential informant that gave us this information has made several buys for the Drug Task Force that haven't went to trial yet. As of last night, 8/11/06 around 10 p.m., the confidential informant saw a large amount of marijuana at that residence and I believe [Jackson] is currently out of prison on federal parole.

Appellant's App. at 11. Upon questioning by the State, the detective confirmed that no charges had been filed "yet" based on the past information the informant had given the Task Force. Id. at 12. Declaring that he "finds probable cause exists for the warrant requested" the trial judge issued the search warrant. Id. Executing the warrant the same day, officers recovered in pertinent part, a handgun, Tr. at 293; a set of digital scales containing unidentified residue, Tr. at 292, 308; "pieces of green plant material," Tr. at 311, later identified as "marijuana," Tr. at 311-12; and "two prescription [pill] bottles," Tr. at 379, 389.

2

Jackson was arrested and ultimately charged with three counts of unlawful possession of a legend drug as Class D felonies; one count of possession of marijuana as a Class A misdemeanor; and one count of unlawful possession of a firearm by a serious violent felon as a Class B felony. Prior to trial Jackson filed a motion to suppress the evidence seized as a result of the search warrant, which the trial court denied.

The case proceeded to trial on July 24, 2007. Just before the jury was sworn, the State dismissed all counts except for unlawful possession of a firearm by a serious violent felon. During trial Jackson objected to the introduction of evidence seized during the search. The trial court overruled the objection and the jury ultimately returned a verdict of guilty as charged.[1] On August 27, 2007, the trial court sentenced Jackson to thirteen years executed with credit for time served pending trial.

Jackson appealed contending the trial court erred in denying his pretrial motion to suppress. Noting that because he is appealing following a conviction, and thus the issue is more appropriately framed as whether the trial court properly admitted the evidence at trial, a divided panel of the Court of Appeals reversed Jackson's conviction. According to the majority the search warrant was invalid under Indiana Code § 35-33-5-2, and the evidence seized during the search was not otherwise admissible under the good faith exception to the warrant requirement. Jackson v. State, 889 N.E.2d 830 (Ind. Ct. App. 2008). Having previously granted transfer we now affirm the trial court.

**Standard of Review**

In deciding whether to issue a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set

---

[1] Under Ind. Code § 35-47-4-5 a person who knowingly or intentionally possesses a firearm, having a prior conviction as a serious violent felon, commits unlawful possession of a firearm by a serious violent felon. Although the record is not altogether clear, apparently Jackson was previously convicted in a federal court of a qualifying offense. A written stipulation provided: "the defendant, by counsel, and the State, by its deputy prosecuting attorney, hereby stipulate to the fact that the defendant is a serious violent felon pursuant to Indiana Code 35-47-4-5 because he has previously been convicted of a serious violent felony listed in that statute, Indiana Code 35-47-4-5." Tr. at 289. Just before the State presented its case in chief, the trial court read the stipulation to the jury. No issue in this regard has been raised on appeal.

forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). The duty of the reviewing court is to determine whether the magistrate had a "substantial basis" for concluding that probable cause existed. Id. at 238-39. A substantial basis requires the reviewing court, with significant deference to the magistrate's determination, to focus on whether reasonable inferences drawn from the totality of the evidence support the determination of probable cause. Houser v. State, 678 N.E.2d 95, 99 (Ind. 1997). Although we review de novo the trial court's substantial basis determination, we nonetheless afford "significant deference to the magistrate's determination" as we focus on whether reasonable inferences drawn from the totality of the evidence support that determination. Id. at 98-99.

## Discussion

A warrant and its underlying affidavit must comply with the Fourth Amendment prohibition on unreasonable searches and seizures, as well as Indiana constitutional and statutory law.[2] Gray v. State, 758 N.E.2d 519, 521 (Ind. 2001). The text of Article I, section 11 of the Indiana Constitution contains nearly identical language to the Fourth Amendment to the United States Constitution. These constitutional principles are codified in Ind. Code § 35-33-5-2, which details the information to be contained in an affidavit for a search warrant.

The Court of Appeals' majority examined the evidence before the issuing judge and concluded it fell short of the probable cause required under Indiana's warrant statute. More particularly, the court noted that Detective Blackwell's sworn oral testimony was based on hearsay statements of the confidential informant and determined there was no testimony establishing the informant's credibility as required by I.C. § 35-33-5-2(b). Chief Judge Baker dissented emphasizing that the confidential informant had a relationship with police, formed by making several controlled buys in the past for the Drug Task Force. Jackson, 889 N.E.2d at 835-36.

---

[2] In this case the request for a warrant was made not by affidavit but through a recorded hearing before a regularly sitting judge. This procedure is authorized by statute. See Ind. Code § 35-33-5-8(a)(1) (authorizing a judge to issue a search warrant without an affidavit in a non-adversarial recorded hearing if the judge receives sworn testimony of the same facts required for an affidavit).

Assuming without deciding that probable cause did not exist to support issuing a warrant to search Jackson's home, we nonetheless conclude the trial court correctly overruled Jackson's motion to exclude the evidence. The lack of probable cause does not automatically require the suppression of evidence obtained during a search conducted pursuant to a warrant. In United States v. Leon, 468 U.S. 897 (1984), the United States Supreme Court determined that the exclusionary rule does not require the suppression of evidence obtained in reliance on a defective search warrant if the police relied on the warrant in objective good faith. Leon cautioned however that the good faith exception is not available in some situations, including where (1) the magistrate is "misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth," or (2) the warrant was based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Id. at 923 (citation omitted). The good faith exception to the warrant requirement has been codified by Indiana Code § 35-37-4-5.[3]

Here, there is no allegation that the first exception applies. Nothing in the record suggests that Detective Blackwell misled the trial judge when testifying at the hearing to obtain the warrant. Instead, the issue is joined over whether the second exception is applicable. Advancing an argument in the affirmative Jackson relies on Doss v. State, 649 N.E.2d 1045 (Ind.

---

[3] The statute provides in relevant part:

  (a) In a prosecution for a crime or a proceeding to enforce an ordinance or a statute defining an infraction, the court may not grant a motion to exclude evidence on the grounds that the search or seizure by which the evidence was obtained was unlawful if the evidence was obtained by a law enforcement officer in good faith.

  (b) For purposes of this section, evidence is obtained by a law enforcement officer in good faith if:

    (1) it is obtained pursuant to:

      (A) a search warrant that was properly issued upon a determination of probable cause by a neutral and detached magistrate, that is free from obvious defects other than nondeliberate errors made in its preparation, and that was reasonably believed by the law enforcement officer to be valid; or

      (B) a state statute, judicial precedent, or court rule that is later declared unconstitutional or otherwise invalidated; and

    (2) the law enforcement officer, at the time he obtains the evidence, has satisfied applicable minimum basic training requirements established by rules adopted by the law enforcement training board under IC 5-2-1-9.

Ct. App. 1995), for the proposition that Detective Blackwell's testimony was "so *bare bone*s and so lacking in indicia of probable cause as to make a reliance upon the resulting warrant objectively unreasonable." Id. at 1049 (emphasis added).

We first observe that "[g]enerally, examples of 'bare bones' affidavits include those that merely state that the affiant 'has cause to suspect and does believe' or '[has] received reliable information from a credible person and [does] believe' that contraband is located on the premises." United States v. Pope, 467 F.3d 912, 920 (5th Cir. 2006) (footnotes omitted).[4] Further, Doss is distinguishable. In that case the officer obtaining the warrant offered no information about a relationship with the informant other than his personal belief that the informant was truthful and credible. Doss, 649 N.E.2d at 1046. Also, the officer in Doss offered no evidence corroborating his claimed first-hand knowledge of the informant. Id. at 1049. In contrast, here Detective Blackwell demonstrated the nature of his relationship with the informant through evidence of the informant's involvement in other controlled buys. Also, Detective Blackwell bolstered the informant's tip by testifying to complaints from the public about traffic consistent with drug dealing.

The good faith exception to the warrant requirement was created in large part because of the practical reality that once a neutral and detached magistrate has issued a search warrant, "'there is literally nothing more the policeman can do in seeking to comply with the law.'" Figert v. State, 686 N.E.2d 827, 832-33 (Ind. 1997) (quoting Leon, 468 U.S. at 921). Although "officers are required to have a reasonable knowledge of what the law prohibits," State v. Spillers, 847 N.E.2d 949, 958 (Ind. 2006) (internal quotations omitted), imposing on officers the obligation to second guess a magistrate's decision in all but the most obvious instances of an affidavit lacking an indicia of probable cause is not a burden the law anticipates.

---

[4] See also United States v. Higgins, 557 F.3d 381, 391 (6th Cir. 2009) (affidavit based on information from a named informant who, having no prior relationship with police, admitted he committed a crime and told police he had purchased drugs from defendant was "weak, but [] not bare bones" and reliance on the warrant issued thereupon was not entirely unreasonable); United States v. Rauch, 282 F. App'x 730, 732 (10th Cir. 2008) (when warrant was issued based on two confidential informants, one of whom had provided information in the past, and surveillance demonstrating traffic consistent with drug dealing, court did not reach the issue of whether there was probable cause, holding the good faith exception applied).

We acknowledge that Detective Blackwell's testimony is abbreviated, and public complaints have their limitations.  See, e.g., Pawloski v. State, 269 Ind. 350, 354-55, 380 N.E.2d 1230, 1232-33 (1978) (test for determining reliability of information varies based on whether the source is an anonymous tipster, a professional informant, or a cooperative citizen).  But the heart of the matter is not whether a court of review agrees or disagrees about the existence of probable cause sufficient to support the issuance of a search warrant; rather the issue is whether when viewed from a totality of the circumstances there was enough evidence before the issuing court that would allow the court to make that call.  We are of the view the evidence in this case meets that standard.

## Conclusion

We therefore affirm the judgment of the trial court.

Shepard, C.J., and Dickson, Sullivan and Boehm, JJ., concur.