**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**C. ROBERT RITTMAN**
Grant County Public Defender
Marion, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES ROBY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 27A05-1106-CR-302 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE GRANT SUPERIOR COURT
The Honorable Dana J. Kenworthy, Judge Pro Tempore
Cause No. 27D02-1101-FB-19

**JANUARY 25, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

James Roby appeals his conviction for Class D felony possession of cocaine. Ind. Code § 35-48-4-6(a) (2006). We affirm.

## ISSUE

Roby raises one issue, which we restate as: whether the trial court erred by admitting evidence obtained during the execution of a search warrant.

## FACTS AND PROCEDURAL HISTORY

In January 2011, Detective Mark Stefanatos, an officer of the Marion Police Department assigned to the JEAN Team Drug Task Force, received a call from dispatch that an anonymous caller had reported heavy traffic at 209 North Hill Street. Detective Stefanatos had dealt with the tenant of that residence, Rebecca Riddle, a number of times due to her use of illegal drugs.

Detective Stefanatos and two other detectives from the task force parked near the residence and conducted surveillance. Within a few minutes, a dark vehicle pulled up in front of the residence. A man, later identified as Roby, exited the residence and went to the passenger side of the vehicle. Roby reached into the vehicle, reached back out, and put his hand into his pocket. He then went back inside the residence, and the vehicle drove off. The vehicle was at the residence for a minute or less. Detective Stefanatos believed these actions to be consistent with a drug transaction. When he observed the vehicle commit a traffic infraction, he called for a marked car. A canine officer conducted a traffic stop. The canine alerted by the driver's side, but no cocaine was found in the vehicle.

2

Detective Stefanatos went back to the residence to conduct a "knock and talk." When he knocked on the door, Roby answered. Detective Stefanatos was let inside the residence. Tr. pp. 81, 216. Upon walking inside the residence, Detective Stefanatos saw underneath a glass coffee table a digital scale, which is commonly used to weigh and package drugs for sale, with a white powdery residue on it. He also saw a razor blade, which is commonly used to cut crack cocaine, and a push rod, which is commonly used in smoking crack cocaine. At that point, he asked for consent to search, but Roby and Riddle both declined. Detective Stefanatos removed the digital scale and field-tested the white substance, which tested presumptively positive for cocaine base. Based on his observations, Detective Stefanatos obtained a warrant to search the residence, Roby, and Riddle. The detective who searched Roby found four plastic baggies containing crack cocaine in his right front pocket.

The State charged Roby with Class B felony dealing in cocaine. Ind. Code § 35-48-4-1(a)(2) (2006). Roby filed a motion to suppress the plastic baggies of crack cocaine found on his person and the evidence found in the residence. The trial court denied the motion after a hearing. Roby was tried by a jury, who returned a verdict of not guilty of Class B felony dealing in cocaine but guilty of the lesser included offense of Class D felony possession of cocaine. The trial court sentenced Roby to three years with six months suspended to probation. Roby now appeals.

DISCUSSION AND DECISION

Roby contends that the trial court erred by admitting evidence obtained from his person and the residence because the search warrant was not supported by probable

3

cause. Although Roby originally challenged the admission of this evidence through a motion to suppress, he appeals following a completed trial. He thus properly frames the issue on appeal as whether the trial court erred by admitting the challenged evidence at trial. *See Collins v. State*, 822 N.E.2d 214, 218 (Ind. Ct. App. 2005), *trans. denied*.

Our standard of review of a trial court's determination as to the admissibility of evidence is for an abuse of discretion. *Smith v. State*, 754 N.E.2d 502, 504 (Ind. 2001). We reverse only if a trial court's decision is clearly against the logic and effect of the facts and circumstances. *Id.* We do not reweigh the evidence, and we consider any conflicting evidence in favor of the trial court's ruling. *Collins*, 822 N.E.2d at 218. However, we must also consider the uncontested evidence favorable to the defendant. *Id.* Although a trial court's determination of historical facts is entitled to deferential review, we employ a de novo standard when reviewing the trial court's ultimate determinations of reasonable suspicion and probable cause. *Myers v. State*, 839 N.E.2d 1146, 1150 (Ind. 2005) (citing *Ornelas v. United States*, 517 U.S. 690, 695-99, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996)).

When deciding whether to issue a search warrant, a magistrate must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Jackson v. State*, 908 N.E.2d 1140, 1142 (Ind. 2009). The duty of the reviewing court is to determine whether the magistrate had a substantial basis for concluding that probable cause existed. *Id.* A substantial basis requires the reviewing court to focus on whether reasonable inferences drawn from the totality of the evidence

4

support the determination of probable cause. *Id.* Although we review de novo the trial court's substantial basis determination, we nonetheless afford significant deference to the magistrate's determination when focusing on whether reasonable inferences drawn from the totality of the evidence support that determination. *Id.*

Here, Detective Stefanatos set up surveillance at 209 North Hill Street based on an anonymous tip that there was heavy traffic at that location. Within minutes, a vehicle drove up to the residence and Roby walked out of the residence. Roby reached into the passenger side of the vehicle, reached back out, and put his hand in his pocket. The vehicle drove away, and Roby went back into the residence. When the vehicle was stopped, a canine alerted by the driver's side but no cocaine was found. Detective Stefanatos went back to the residence and knocked on the door. Roby answered the door and let him in. Detective Stefanatos saw a digital scale with white residue, a razor blade, and a push rod. The white residue on the scale tested presumptively positive for cocaine base. Reasonable inferences drawn from these observations provide a substantial basis for concluding that probable cause existed.

Despite this clear evidence, Roby argues that Detective Stefanatos barged into the residence without permission. This assertion amounts to an invitation to reweigh the evidence, which we will not do. The evidence most favorable to the verdict shows that Detective Stefanatos knocked on the door, and Roby let him into the residence.

Roby further argues that Detective Stefanatos illegally seized the digital scale and thus the scale and presumptive test results of the residue found on the scale cannot support a finding of probable cause. This argument also fails. The plain view doctrine

allows a police officer to seize items of readily apparent criminality when he inadvertently discovers them while rightfully occupying a particular location. *Jones v. State*, 783 N.E.2d 1132, 1137 (Ind. 2003). Here, Detective Stefanatos knocked on the door after receiving an anonymous tip of heavy traffic and observing Roby participate in actions consistent with a drug transaction. *See Hardister v. State*, 849 N.E.2d 563, 570 (Ind. 2006) ("An anonymous tip is not a basis for either reasonable suspicion or probable cause, but it is sufficient to make inquiries which the occupants are free to decline to answer if they so choose."). Roby answered the door and let Detective Stefanatos in the residence. Detective Stefanatos therefore had a right to be in the residence when he saw the digital scale with white residue, the razor blade, and the push rod in plain view. Further, the discovery of these items was inadvertent as Detective Stefanatos was at the residence not to search for evidence but to ask questions. *See Warner v. State*, 773 N.E.2d 239, 245 (Ind. 2002) (holding that seizure of blood-stained gauze fell within plain view exception where officers saw gauze from lawful vantage point while they were legitimately on the premises to question defendant as part of murder investigation). The seizure of the scale was not illegal, and the scale and the presumptive test results could therefore be used to support a finding of probable cause.

There was a substantial basis to conclude that probable cause existed. We therefore conclude that the trial court did not err by admitting the evidence obtained as a result of the search warrant.

## CONCLUSION

For the reasons stated above, we affirm Roby's conviction.

6

Affirmed.

CRONE, J., and BROWN, J., concur.